DREW, Justice.
In 1959, the claimant while employed as= a roofer by the Hillsborough County Board' of Public Instruction suffered a myocardial' infarction which was not due to an industrial accident. After suffering the heart, attack he was given lighter employment,, consisting primarily of janitorial or custodial services which involved cleaning-rooms, furniture, toilets and the use of' various chemicals, soaps, waxes and pine-oils. About five years later claimant’s, hands began to crack, redden and peel and such condition gradually became worse. In 1965 he was required to seek medical attention. After receiving temporary total' disability payments because of such dermatitis condition for about six months, the employer .offered claimant a- job as. groundsman, which entailed sweeping sidewalks and. corridors, caring for shrubbery and similar work. The claimant declined the job because it was too strenuous. The-record discloses that the basis. for the declination was a written opinion of the doctor that claimant should not become involved in strenuous effort. The dermatitis, had not directly affected the heart -condition nor the heart condition the dermatitis.
*820 Compensation payments were terminated when the employee refused the position of groundsman.
At the first hearing on the claim for compensation, the attorney for the claimant stated to the deputy commissioner “I am going to use the term injury; actually it’s an occupational disease, this contact dermatitis.” Throughout the hearings the claim was considered as one arising under the occupational disease provisions of Chapter 440. In the compensation order of the deputy commissioner, however, he found that claimant, while engaged in his occupation, met with an accident or injury arising out of and in the course of his employment, found the claimant “has a 90% permanent partial disability of the body as a whole based on a loss of wage-earning capacity,” and awarded compensation, attorneys’ fees and other benefits.
In considering the applicability of Section 440.49(4) (c), Florida Statutes, F.S.A., the deputy made the following specific findings :
“ * * * Claimant now has an additional disability in that he cannot do any work whereby his hands would be exposed to wet products, grease, detergent, janitorial supplies, etc., and he therefore cannot return to his former occupation as a custodian with this employer or any other employer. These two disabilities have combined to give claimant a greater disability and loss of wage-earning capacity than the contact dermatitis alone. Claimant is in a more precarious position than other persons who are susceptible and sensitized for the reason that said claimant’s contact dermatitis from re-exposure to wet products and the medication that is necessary to control his contact dermatitis, could and probably would affect claimant’s heart condition adversely, especially if not properly administered and/or continued to be taken for long and extended periods of time. Therefore, these factors all combine to make claimant’s opportunities for employment on the open labor market very limited, inasmuch as claimant cannot afford to do any work requiring exertion because of his heart condition and can ill afford to have a recurrence of his contact dermatitis, and therefore cannot do any work whereby irritants and wet products touch claimant’s hands, and inasmuch as claimant is 51 years of age, with only a Sth grade education, there are very, very few occupations or jobs available to him and he is therefore close to being permanently and totally disabled, but I specifically find that claimant is not permanently totally disabled and has some wage-earning capacity, such as driving a taxi-cab or some other such occupation. I therefore find that claimant has a 90% permanent partial disability of the body as a whole based on a loss of wage-earning capacity, entitling him to 315 weeks of compensation at the rate of $34.35 per week, beginning as of October 19th, 1965. However, this rating is not predicated on a computation of earnings of cab drivers compared to claimant’s average weekly wage, for even though claimant is capable of driving a taxi, there is no showing that claimant has ever driven a taxi or that he is suited for same.”
The full commission reversed the deputy, holding that there were insufficient findings of fact and evidence to support the deputy’s conclusion that the claimant met with an accident or injury arising out of and in the course of his employment by exposure to detergents or other irritants causing contact dermatitis.
Without passing upon the correctness of the full commission’s views of the necessity of claimant’s condition “happening suddenly,” we think the full commission was entirely correct in its conclusion that the evidence was insufficient to support the order of the deputy in which he determined that the claimant’s injury was the result of an accident arising out of and in the course of his employment. We concur also in the view of the commission that there is not *821 sufficient evidence in the record to establish the claimant’s condition as one resulting from an occupational disease.
We are more concerned, however, by the inadequacy of the evidence and the findings of the deputy with reference to the loss of earning capacity of the claimant. ■Claimant has suffered no incapacity according to the deputy’s findings except that he is no longer able to engage in janitorial .services “whereby irritants and wet products touch claimant’s hands.” The record ■does not establish by competent evidence that this claimant is not able to earn the .same wages in other similar employment not involving strenuous physical exercise. ■On remand evidence should be introduced, if any exists, to establish this fact support•ed by adequate findings of the deputy commissioner.
That portion of the order of the full ■commission dealing with the question of -an apportionment and the applicability of the special disability fund is premature •in view of the conclusions of the full commission and the conclusions of this Court that the primary question of compensa-bility has not yet been established. On remand the deputy commissioner may desire to further consider the question of apportionment or the applicability of such special •disability fund in the light of the recent •opinions of this Court in Stephens v. Winn-Dixie Stores, Inc., et al., filed January 25, 1967, and Evans v. Florida Industrial Commission et al., 196 So.2d 748, filed February 1, 1967.
Certiorari is granted. The order of the full commission to the extent herein set forth is hereby quashed and the cause remanded for further proceedings in accord.ance with the views herein expressed.
THORNAL, C. J., and O’CONNELL, CALDWELL and ERVIN, JJ., concur.