ERVIN, Justice.
This is a certiorari proceeding wherein the claimant in a workmen’s compensation *729 case seeks the quashal of an order of the Florida Industrial Commission reversing an order ’of its Deputy Commissioner finding in favor of the claimant. The Respondent carrier cross-petitioned, contending claimant, through his treating physician, improperly retained the services of a heart specialist without request or authorization of carrier.
In 1962, while in the employ of the respondent company, Petitioner suffered a heart attack, resulting in his being off from work for approximately ninety days. When he returned to his duties it was with the understanding that his hours of actual work would be less. Subsequently, in October of 1965, while employed by the same company, Petitioner suffered a com-pensable injury to his back, viz., herniated disc.
At hearing before the Deputy on March 29, 1966 it was determined from the evidence that Petitioner has a 25% permanent partial disability of the body as a whole as a result of the 1962 heart attack. It was also found that Petitioner has an anatomical disability rating of 15% of the body as a whole resulting from his back injury of October, 1965. The Deputy further found
“ * * * that the herniated disc * * * cannot be removed or excised by surgery because of the claimant’s damaged heart, and, that because of the heart damage, the claimant should avoid any activity which causes severe pain, in considering the activities of the claimant that cause severe pain, the undersigned finds that the disability of 25% permanent partial disability as a result of the heart condition, merges with the 15% permanent partial disability of the body as a whole resulting from the herniated disc condition.”
* * * * * *
“In considering such merger of disabilities * * * the undersigned finds that the claimant is permanently totally disabled, and that he has suffered a total loss of wage earning capacity.”
The full Commission held that the Deputy erred in merging the two disabilities and basing his award on that merger. The cause was remanded to the Deputy for determination of whether the Petitioner was permanently and totally disabled from the results of the back injury considered by itself and not in conjunction with the previous impairment of the heart.
After oral argument and upon consideration of the petition, the record and the briefs, we conclude that the instant case is controlled by Stephens v. Winn-Dixie Stores, Inc., opinion filed January 27, 1967 but modified on rehearing granted, opinion filed May 31, 1967, Fla., 201 So.2d 731.
In Stephens, supra, which also involves apportionment under F.S. Section 440.-15(5) (c), F.S.A., we recognized the principle of “merger” where a claimant suffers successive injuries. Respondents contend that the merger rationale of Stephens is not applicable to the instant situation inasmuch as the injuries involved are not related— i.e., a pre-existing cardiac condition and a low back injury, and consequently no actual “merger” took place. To adopt Respondents’ argument would be to restrict and limit the word “merger” to its narrowest literal sense. We believe that the term “merger” should be given a broader construction.
Reinjury to a previously injured part of the body is not the only way merger can occur. Merger can result from successive injuries to separate parts of the body which have the combined total effect of creating a greater degree of disability to the body as a whole and a claimant’s wage-earning capacity than would have resulted from the last injury considered by itself and not in conjunction with a previous injury. Section 440.49(4) (c) reads:
“(c) Permanent disability after other permanent physical impairment. — If an employee who has a total or partial loss *730 or loss of use of one hand, one arm, one foot, one leg or one eye, or who has other permanent physical impairment incurs a subsequent permanent disability from injury or occupational disease arising out of and in the course of his employment which merges with the pre-existing permanent physical impairment to cause a permanent disability that is materially and substantially greater than that which would have resulted from the subsequent injury or occupational disease alone, the employer shall in the first instance pay all benefits provided by this chapter, but subject to the limitations specified in paragraph (f) such employer shall be reimbursed from the special disability trust fund created by this paragraph for all compensation for permanent disability paid in excess of that allowed for such injury or occupational disease when considered by itself and not in conjunction with the previous permanent physical impairment.”
Merger is not a condition that automatically arises upon the mere occurrence of successive injuries which may or may not have a combined disabling effect upon a claimant within the contemplation of the Workmen’s Compensation statute. It is a condition the finding and determination of which must be supported by competent substantial evidence in accord with logic and reason in order to be com-pensable. Our consideration of the record in the instant case leads us to conclude that there was the requisite degree of evidence supporting the Deputy Commissioner’s finding of merger.
In the immediate case the previous cardiac impairment was manifesting itself at the time of the second injury and continued to manifest itself at the time the award was made. Thus, apportionment is called for. The Respondent employer was aware of Petitioner’s condition; which fact has the effect of involving the Special Disability Fund. As we said in Stephens, supra, on rehearing granted,
“[t]he Fund’s obligation can only arise after the claimant has been awarded compensation for disability due in some way to an earlier injury that would otherwise have been apportioned out of the award under Sec. 440.15(5) (c)
Finally, we point out that in our original opinion in Stephens, supra, we reiterated that
“[t]he language ‘physical impairment’ [in § 440.49(4) (c) ] was obviously made sufficiently broad to encompass the subject matter of both apportionment provisions, i.e., pre-existing disability from disease as well as from injury.” (emphasis added)
We have considered the cross-petition. We agree with the Commission that the consultation and treatment by the heart specialist was reasonably secondary to the services performed by the treating physician relating to the back injury. The cross-petition is therefore denied.
The petition for writ of certiorari is granted and the order of the full Commission is quashed and the cause remanded with instructions to enter an order not inconsistent herewith.
It is so ordered.
DREW, Acting C. J., and THORNAL and BARNS (Retired), JJ., concur.
CALDWELL, J., dissents.