ROBERTS, Justice.
This cause is before the court on petition for certiorari to review an order of the Florida Industrial Commission entered in a workman’s compensation proceeding.
The claimant is a 59-year-old male with an eighth grade education and some specialized training in the field of mechanics. Except for a two-year period, he has been continuously employed by the Webster Outdoor Advertising Company (“the employer” here) from 1948 until 1965, at which time he was in an industrial accident receiving the injuries which are the subject of the claim sub judice. He had previously, in 1959, suffered an industrially caused injury to his left foot, requiring surgery on two different occasions, and resulting in a 25% to 35% disability of his left leg. The 1959 accident and injury were known to the employer. The claimant was, however, able to continue to do the arduous work required of him in erecting outdoor advertising signs —limiting heavy weights, climbing ladders and assuming awkward positions, and using his right arm for welding.
On November 24, 1965, while standing on an aluminum ladder atop a company truck and attempting to weld a light onto one of the employer’s outdoor advertising signs, claimant received an electric shock that knocked him off the ladder and to the ground 30 feet below, injuring his back. He was hospitalized almost two weeks and wore a body brace for approximately six weeks. Sometime later he developed a pain in his right shoulder. His treating physician, Dr. Donovan, found that he had reached maximum improvement in March of 1966 and discharged him with a medical finding of 5% permanent partial disability of the body as a whole. The employer had continued to pay him his regular weekly wage from the time he was injured until he was discharged in March of 1966 by Dr. Donovan. Thereafter, the employer paid him as for 5% permanent partial disability of the body as a whole.
*147 The instant claim was filed for additional disability benefits as well as for future medical care, costs, interest and attorneys’ fees. The employer defended on the grounds that no additional temporary or permanent disability benefits were due and no further medical care required. The employer contended also that it was entitled to apportionment under § 440.02(19), Florida Statutes, and to credit for the amounts paid during the period November 1965 to March 1966 over and above the compensation actually due under the Act against any additional compensation that might be awarded in these proceedings.
The judge of industrial claims found that the 1965 injury resulted in a 10% to 15% functional disability of the body which merged with the 25% to 35% disability of the left leg to cause a disability materially greater than either one alone. He found that the claimant had also developed an ulcer as the result of the physical and mental pain caused by the injury and the anxiety and frustration resulting from the loss of his long held employment. He concluded that the claimant had a 65% loss of earning capacity due to the accident at bar merging with his pre-existing leg condition, of which 25% was attributable to the pre-existing leg condition and would eventually be the responsibility of the Special Disability Fund. He denied the claim for reimbursement for excess compensation paid, stating that this was a gratuity or an inducement to vote non-union. He found that maximum physical improvement was not reached until January 1967 and that claimant was entitled to additional temporary partial disability payments from March 1966 to January 1967 and to compensation for permanent partial disability of 65% of the body as a whole, or 227% weeks at the rate of $42 per week, beginning January 14, 1967. An attorney’s fee of $3,000 was awarded to claimant’s attorneys, his order stating that “This amount is based on the Canons of Ethics and the particular nature of the case at bar.”
On review of the order, the Full Commission reversed, finding that the order “contains no ultimate facts to support the judge’s conclusion as required by § 440.25 (3) (c), Florida Statutes” concerning the temporary disability from March 1966 to January 1967; that the order failed to indicate the basis upon which the judge of industrial claims set the date of maximum physical improvement and that the evidence failed to support the finding made by the judge in this respect; that there was insufficient evidence to support an award of 65% permanent partial disability based on loss of wage-earning capacity, and, in addition, that the judge erred in finding a merger of the 1959 and 1965 injuries to cause a greater disability. As a basis for this last finding the Commission said: “The claimant’s leg condition was in no way affected by his compensable injury of November 24, 1965.” The Commission also found that it was error to award an attorney’s fee without some evidence as to the reasonableness thereof, citing Lee Engineering & Construction Co. v. Fellow, Fla.1968, 209 So.2d 454. It remanded the cause for further proceedings and the subsequent entry of a new order containing adequate findings of fact concerning the issues noted above.
In his petition here, the claimant contends that the Full Commission erroneously substituted its judgment for that of the judge of industrial claims on the question of temporary disability payments as well as the question of the merger of the 1959 and 1965 injuries and the resulting permanent partial disability.
We think there is merit to the claimant’s contention respecting the temporary disability payments. While the judge of industrial claims did not set out in detail the testimony upon which he based his findings in this respect, his order did state that he relied upon the testimony of Dr. Barry as to the claimant’s shoulder ailment and upon that of Dr. Gordon as to his back injury. It is noteworthy that the testimony of Dr. Donovan (upon whom the Full Commission relied) indicated that he expected *148 some improvement in claimant’s condition after he discharged him in March of 1966. In our opinion, the evidence relied upon by the judge of industrial claims supported the finding that maximum improvement was not reached until January of 1967 and that temporary partial disability payments should have been made until that time. Accordingly, the order of the Full Commission in this respect must be quashed.
As to the judge’s finding that the claimant’s 1959 and 1965 injuries merged to cause a 65% permanent partial disability based on loss of earning capacity to this extent, the evidence in support thereof is very meager. It appeared to consist principally of testimony concerning one incident in which claimant was turned down for employment because of his back and leg disabilities and the pendency of the subject claim litigation, plus the fact that his former employer “does not feel that he is capable of working for them”. The record shows that claimant had performed many different kinds of odd jobs up to the time of the hearing, and there was evidence indicating that the claimant’s physical and mental condition would improve as soon as the subject litigation is settled. We are unable to find any medical testimony that sheds any light on this question. The fact that, at one medical examination, the claimant after bending over would use his legs as a brace to “climb back up” with his hands in order to straighten up lends some support to the finding of merger, as does the testimony of the claimant concerning the additional strain on his injured leg caused by the back ailment, and vice versa. It seems to us, however, that it falls far short of showing a 65% loss of wage earning capacity due to the two injuries.
Here, as in Giglio v. Hillsborough County Board of Public Instruction, Fla.1967, 197 So.2d 819, additional evidence should be introduced to establish the claimant’s wage-earning capacity in employment not involving strenuous physical exercise. There should also be introduced evidence as to the percentage of claimant’s disability attributable or “apportionable” to the pre-existing injury for Special Disability Fund reimbursement purposes. As the record now stands, the finding of 25% made by the judge of industrial claims in this respect is pure speculation. Cf. Russell House Movers, Inc. v. Nolin, Fla.1968, 210 So.2d 859.
While we approve the finding of the Full Commission that the evidence was insufficient to support an award of 65% permanent partial disability, its statement that there was no merger because the claimant’s leg condition “was in no way affected by his compensable injury of November 24, 1965” is contrary to the rule announced in Davis v. Conger Life Insurance Company, Fla.1967, 201 So.2d 727, and similar cases. In the Davis case we said that reinjury of a previously injured part of the body is not the only way that merger can occur:—
“Merger can result from successive injuries to separate parts of the body which have the combined total effect of creating a greater degree of disability to the body as a whole and a claimant’s wage-earning capacity than would have resulted from the last injury considered by itself and not in conjunction with a previous injury.”
The Commission’s finding as to merger is, therefore, disapproved.
The Commission’s ruling concerning award of an attorney’s fee for claimant’s attorney without evidence concerning the reasonableness thereof is approved. Upon remand, counsel for the claimant must show by appropriate proof through testimony, depositions, affidavits or otherwise, the reasonable value of the services rendered. See Lee Engineering & Construction Co. v. Fellows, Fla.1968, 209 So.2d 454.
For the reasons stated, the order here reviewed is affirmed in part and quashed in part and the cause remanded for further proceedings.
It is so ordered.
ERVIN, C. J., and THORNAL, CARLTON and ADKINS, JJ., concur.