ADKINS, Justice.
We have for review by petition for writ of certiorari, an order of the Industrial Relations Commission, which reversed the order of the Judge of Industrial Claims.
Claimant, an automobile mechanic, was injured in 1965 when a car under which he was working fell off the jackstands and hit him across his shoulders and hips. The Judge of Industrial Claims entered an order on February 13, 1970, finding that claimant reached maximum medical improvement October 6, 1968, and sustained 25 per cent partial disability.
Upon review, the Industrial Relations Commission reversed the order of the Judge of Industrial Claims and remanded the cause for further hearings, finding that there was not competent substantial evidence to establish the exact date of maximum medical improvement, and that there was not sufficient findings of fact to support a 25 per cent permanent partial disability of the body as a whole based on a diminution of wage-earning capacity.
The termination of the date of maximum medical improvement is often a difficult question of fact to be resolved by the Judge of Industrial Claims. The evidence relied upon by the Judge of Industrial Claims supported his finding. Corral v. McCrory Corporation, 228 So.2d 900 (Fla.1969). The testimony in the instant case is as precise as to the maximum improvement date as that approved by this Court in Hermansen v. Webster Outdoor Advertising Co., 230 So.2d 145 (Fla.1970).
The Industrial Relations Commission erroneously substituted its judgment for that of the Judge of Industrial Claims.
Upon consideration of the record and briefs, it appears, that the findings of fact by the Judge of Industrial Claims are supported by competent substantial evidence, which accords with logic and reason, and the order is in accord with the essential requirements of the law.
The order of November 10, 1970, entered by the Industrial Relations Commission, is reversed, and the order of the Judge of In *466 dustrial Claims, entered February 13, 1970, is reinstated.
The petition for attorneys’ fees filed by petitioner is granted in the amount of $500.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, BOYD and McCAIN, JJ., concur.