PER CURIAM.
The Special Disability Trust Fund challenges the deputy commissioner’s finding that the instant fact situation is directly on point with Florida Supreme Court’s decision in Davis v. Conger Life Insurance Co., 201 So.2d 727 (Fla.1967).
The deputy’s reliance on Davis, supra, is misplaced in that it is analogous to the instant cause only in that the claimant in Davis also had a preexisting heart condition that was manifesting itself at the time of the subsequent back injury. In Davis the deputy commissioner found that the herniated disc could not be removed or excised by surgery because of claimant’s damaged heart. In other words, the preexisting heart condition precluded needed surgical repair of the claimant’s compensable back injury, thereby producing a substantially greater permanent disability than would have resulted had the preexisting heart condition not existed. In the instant case it has not been shown that the permanent disability resulting from the subsequent accident was materially and substantially enhanced by the preexisting heart condition and that the employer/carrier was required to pay, and has paid, permanent disability *DCCCXCVII benefits for that greater disability. Special Disability Trust Fund v. Fleet Transport Company, 283 So.2d 31 (Fla.1973), makes clear that for purposes of implementing Fla.Stat. § 440.49, F.S.A., the deputy commissioner must make findings of fact as to the dollar amount of compensation and medical benefits actually paid by the employer. Second, it must be determined how much the employer would have had to pay had the claimant not suffered from the preexisting permanent physical impairment. The difference between the former and the latter is the amount for which the employer can seek Fund reimbursement. No such finding was made, nor do we find evidence in the record from which the deputy could have made such a finding. The order is, accordingly, reversed and the claim against the Special Disability Trust Fund is dismissed, thereby mooting the remaining issues.
ROBERT P. SMITH, Jr., SHAW and WENTWORTH, JJ., concur.