175 So.2d 545 (1965)
The NATIONAL BANK OF TAMPA, a National Banking Association under the Laws of the United States of America, Appellant,
v.
Ray E. GREEN, Comptroller of the State of Florida, as Ex Officio the State Commissioner of Banking, Appellee, and
Tom Whitaker, Jr., Intervenor.
No. F-306.
District Court of Appeal of Florida. First District.
May 20, 1965.
Rehearing Denied June 14, 1965.
Hall, Hartwell & Hall, Tallahassee, and McClain, Thompson & Turbiville, Tampa, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
*546 CARROLL, DONALD K., Judge.
The plaintiff in a suit for injunctive and declaratory relief against the State Banking Commissioner has appealed from an order entered by the Circuit Court for Leon County dismissing with prejudice its second amended complaint.
The subject of this controversy is the threatened action of the Commissioner to issue a charter for a banking institution to be located in the City of Tampa at a location approximately one mile from the bank operated by the plaintiff.
The basic question for determination in this appeal is two-fold: whether the Commissioner in issuing the said charter would abuse his discretion under his statutory duties and authority in view of the matters investigated by him and the evidence adduced in his investigation; and, secondly, whether the chancellor abused his judicial discretion in dismissing with prejudice the plaintiff's said complaint.
Under the laws of Florida, the State Comptroller, who serves ex officio as the State Commissioner of Banking, is endowed with the power to issue charters for the operation of banking institutions in this state. That authority, however, is circumscribed by certain statutory requirements that must be followed before he can legally issue such a charter.
Among such statutory requirements are the following:
Subsection (1) of Section 659.03, Florida Statutes, F.S.A., provides in substance and in pertinent part that, upon the filing of an application for such a charter, the Commissioner shall make an investigation of the character, financial standing, and motives of the organizers, incorporators, and subscribers of the proposed bank; the need for banking facilities or additional banking facilities in the community, giving particular consideration to the adequacy of existing banking facilities and the need for further banking facilities in the proposed locality; the present and future ability of the community to support the proposed bank and all other banking facilities in the community; and the character, financial responsibility, business experience, and business qualifications of the proposed officers, stockholders, and directors.
Subsection (2) of Section 659.03 provides in substance and in pertinent part that the Commissioner "shall approve or disapprove the application, in his discretion, but he shall not approve such application until, in his opinion:" public convenience and advantage will be promoted by the establishment of the proposed bank; local conditions assure reasonable promise of successful operation for the proposed bank and those banks already established in the community; the proposed capital structure is adequate; the proposed officers and directors have sufficient banking experience, ability, and standing to assure reasonable promise of a successful operation; the name of the proposed bank is not so similar as to cause confusion with the name of an existing bank; provision has been made for suitable banking house quarters in the area specified in the application. The just-enumerated findings that are prerequisite to the Commissioner's approval of the application are not connected in the statute by one or more conjunctives, but we think that the Legislature's intention is clearly expressed in the statute that all of the enumerated findings must be made by the Commissioner before he may lawfully approve an application for a bank charter.
In the instant case the plaintiff alleges in its second amended complaint, which was dismissed by the order appealed from, that it is engaged in the general commercial banking business at West Hillsborough Avenue and North Himes Avenue in the City of Tampa; that the defendant Commissioner has announced that he would approve a charter for a banking corporation to engage in commercial banking at the said locality, which is approximately one mile from the plaintiff's bank; and that the *547 granting of such charter will cause the plaintiff substantial injury and irreparable damage. The plaintiff then alleges numerous facts that were overlooked in the investigation, most of them having to do with the adequacy of the plaintiff's facilities in the said locality and with the harmful effect which the proposed bank's operations would have upon the plaintiff. The plaintiff then alleges that, because of the defendant's failure to take such facts into consideration, his order was subject to judicial review and that the plaintiff, as an interested party, has the right to injunctive relief against the granting of the charter to the competitive bank.
The defendant filed a motion to dismiss the above-summarized second amended complaint, which motion was granted in the order appealed from, and the said complaint was dismissed with prejudice. A few days later the plaintiff filed its notice of appeal. Shortly thereafter the plaintiff filed in this court a motion to review an order of the Circuit Court denying a supersedeas bond, and also filed with us an application for a constitutional writ seeking to enjoin the Commissioner from issuing the said charter to the incorporators of the competitive bank. Both the said motion and application were denied by orders of this court.
The heart of the plaintiff's second amended complaint lies in these two paragraphs thereof:
"Plaintiff alleges that it contends that upon the filing of the application for charter for a state banking institution, it was and is the duty of the defendant Commissioner to make or cause to be made an investigation that will disclose all relevant and material facts necessary to make a determination of the matters and things set forth in Section 659.03, Florida Statutes, supra.
"Plaintiff alleges that the defendant Commissioner did not conduct an investigation in accordance with the requirements of Section 659.03, Florida Statutes, in that numerous facts and circumstances exist that are relevant, necessary and material to the exercise of the discretion vested in the defendant Commissioner that were disclosed by the investigation conducted by the Commissioner, particularly the facts and circumstances relating to the condition of plaintiff bank as herein alleged."
The just-quoted two paragraphs are copied directly from the original copy of the second amended complaint filed by the plaintiff in the Circuit Court. It might be interesting to speculate whether in the second paragraph the plaintiff had intended, but inadvertently failed, to insert the word "not" between the words "were" and "disclosed," but we are not privileged so to speculate, for our duty in this appeal is to pass upon the chancellor's ruling with regard to the complaint actually before him. In any event, under our view of the posture of this case, it is not material whether the word "not" is inserted at the mentioned point.
The two paragraphs quoted above from the second amended complaint also serve to reveal the basic theory of the plaintiff in this suit. As we glean that theory from those paragraphs and the other allegations of the said complaint, the plaintiff contends that the Commissioner has violated the Florida Banking Code by failing to make the investigation required by subsection (1) of Section 659.03 and by threatening to issue a banking charter without having made such an investigation as the basis for certain findings required by subsection (2) of that Section to be made by the Commissioner before issuing the charter. More specifically, the plaintiff claims (see the first of the two paragraphs quoted above from the said complaint) that, upon the filing of an application for a state banking charter, the Commissioner's duty is "to make or cause to be made an investigation that will disclose all relevant and material facts necessary to make a determination of *548 the matters and things set forth in Section 659.03, Florida Statutes, supra." Upon the premise that such is the Commissioner's duty the plaintiff proceeds in its said complaint to enumerate many facts and circumstances, mostly relating to the condition of the plaintiff bank, which the plaintiff claims must be investigated in order that the Commissioner may make the determinations or findings required by the said subsection (2).
Among its prayers at the conclusion of its second amended complaint the plaintiff asks that the court declare that it is an interested party within the contemplation of Section 659.56, Florida Statutes, F.S.A., and entitled to prosecute these proceedings; declare the rights of the plaintiff and the duties of the Commissioner under the Banking Code, particularly Section 659.03; and permanently enjoin the Commissioner from issuing the said charter for the establishment of a bank to be located in the immediate vicinity or the service area of the plaintiff bank.
Section 659.56, Florida Statutes, F.S.A., under which the plaintiff claims these proceedings were filed, provides as follows:
"Injunction Whenever a violation of this code is threatened or impending, and will cause substantial injury to a bank or trust company or to the depositors, creditors, or stockholders thereof, the circuit court is hereby granted jurisdiction to hear any complaint filed by the commissioner or any interested party, and, upon proper showing, to issue an injunction restraining such violation or granting such other appropriate relief."
It is our opinion that the plaintiff here constitutes an "interested party" within the contemplation of Section 659.56, just quoted, but we do not think that the plaintiff's second amended complaint sufficiently alleges a threatened or impending violation of the Banking Code on the part of the Commissioner in order to authorize the Circuit Court to grant injunctive or other appropriate relief under Section 659.56 or any other law.
In order to permit a better understanding of the posture of the present appeal, we quote below in full the provisions of Section 659.03, Florida Statutes, F.S.A., the construction of which provisions are determinative of the issues before us:
"Investigation by commissioner
"(1) Upon the filing of an application, the commissioner shall make an investigation of:
"(a) The character, reputation, financial standing and motives of the organizers, incorporators and subscribers in organizing the proposed bank or trust company.
"(b) The need for banking or trust facilities or additional banking or trust facilities, as the case may be, in the community where the proposed bank is to be located, giving particular consideration to the adequacy of existing banking or trust facilities and the need for further banking or trust facilities in the locality.
"(c) The present and future ability of the community to support the proposed bank or trust company and all other existing banking or trust facilities in the community.
"(d) The character, financial responsibility, banking experience and business qualifications of the proposed officers.
"(e) The character, financial responsibility, business experience and standing of the proposed stockholders and directors.
"(2) The commissioner shall approve or disapprove the application, in his discretion, but he shall not approve such application until, in his opinion:
"(a) Public convenience and advantage will be promoted by the establishment *549 of the proposed bank or trust company.
"(b) Local conditions assure reasonable promise of successful operation for the proposed bank or trust company and those banks or trust companies already established in the community.
"(c) The proposed capital structure is adequate.
"(d) The proposed officers and directors have sufficient banking or trust experience, ability and standing to assure reasonable promise of successful operation.
"(e) The name of the proposed bank or trust company is not so similar as to cause confusion with the name of an existing bank.
"(f) Provision has been made for suitable banking house quarters in the area specified in the application."
As mentioned before, the plaintiff contends, in the first of the two paragraphs quoted above from its said complaint, that under subsection (1) of Section 659.03 the Commissioner has the duty to make or cause to be made an investigation that will disclose "all relevant and material facts" necessary to make a determination of the matters and things set forth in Section 659.03. Upon that premise, then, the plaintiff proceeds to enumerate in its said complaint certain allegedly relevant and material facts which were not investigated by the Commissioner. The plaintiff does not allege therein, however, that the Commissioner did not conduct an investigation into each of the areas set forth in subsection (1) of Section 659.03.
We think that the standard suggested by the plaintiff (that the Commissioner must investigate "all relevant and material facts" necessary to make the required determination) is too high for any official or body, that such a standard is unrealistic, if not an impossible one. This is particularly true in a highly technical field like banking and finance. An investigation measuring up to the plaintiff's suggested standard could hardly ever end. As an extreme example, an investigation of the future effect of the establishment of a new bank might not be regarded as really complete unless the investigation covered the relevant and material factor of the present and future economic condition of every resident in the service area and his probable future need for banking services.
In their briefs and oral argument before this court in the present appeal the attorneys for the parties have naturally urged opposing views of the meaning and effect of the provisions of Section 659.03, quoted above. While the plaintiff-appellant alleges and makes the contention, which we have discussed just above, that subsection (1) thereof requires the Commissioner to investigate "all relevant and material facts" necessary to make the determination of the matters set forth in subsection (2), the appellee, the Commissioner, contends that "* * * the Legislature, relying upon the special competence in the field of banking that is possessed by the Comptroller, designated him as State Commissioner of Banking and delegated to him the duty as well as the discretion to authorize the organization of a banking institution. This duty and discretion was not delegated to the courts. The courts may not substitute their judgment for that of the State Commissioner of Banking. The courts do not possess the requisite special competence in the field of banking, and to interfere with the acts of the State Commissioner would be an unwarranted interference with the administrative processes."
Relating the foregoing contention to Section 659.56, under which the plaintiff brought the instant action, the Commissioner submits that an exercise of his discretion "even if based upon inadequate or erroneous information" is not a violation of the Banking Code, and hence Section 659.56 does not confer jurisdiction upon the court.
*550 As usually happens when a court is confronted with the advocacy of two such strongly opposing positions, we here cannot accept the contention of either of the parties hereto in its entirety but think that the true holding lies somewhere in between the said two contentions. We have already held above that the said contention of the plaintiff is without merit. While we must agree with the Commissioner's contention, quoted above, concerning his special competence in the field of banking, we cannot agree that the Legislature, in enacting Section 659.03, intended to place the Commissioner's acts and discretion to authorize the organizing of a banking institution, beyond the reach of the courts.
As we construe the provisions of Section 659.03, which we have quoted in full above, the Commissioner, upon the filing of an application for a bank charter, must make an investigation of each of the five areas described in paragraphs (a), (b), (c), (d), and (e) of subsection (1). If he wholly fails to investigate one or more of the said five areas, he may be said to have violated the Banking Code and may subject himself to an action filed under Section 659.56.
The real judicial problem arises, however, when, as alleged here, the Commissioner made an investigation of all of the said five areas but it is alleged that certain relevant and material facts were not covered in such investigation.
This problem is compounded by the fact that nowhere in Section 659.03 is there a provision directly stating the extent and depth of the required investigation. While subsection (2) provides that the Commissioner shall approve or disapprove an application "in his discretion," subsection (1) simply provides that the Commissioner "shall make an investigation" of the five areas enumerated therein.
It cannot truly be said, however, that the Legislature included in Section 659.03 no guidelines whatsoever concerning the extent and depth of the said investigation, for the requirement of the investigation in subsection (1) would be senseless unless the facts revealed in the investigation are to be used as the basis for the six conclusions which, under subsection (2), must be reached by the Commissioner before he is authorized to approve an application.
In his argument that the courts have no jurisdiction of the present matter, the Commissioner places great stress upon the provision in subsection (2) that he shall approve or disapprove an application "in his discretion." In our opinion, however, his discretion is far from an absolute one, for the very statute (Section 659.03) which invests him with a discretion bounds that discretion with several conditions. For example, the words immediately following "in his discretion" in subsection (2) are: "but he shall not approve such application until, in his opinion" he has reached the six conclusions set forth in paragraphs (a), (b), (c), (d), (e), and (f) of subsection (2). Reading the provisions of subsections (1) and (2) "in pari materia," we think that the exercise of the Commissioner's discretion referred to in the latter subsection is conditioned upon his having made an investigation of the five areas described in subsection (1), which investigation, we have held before, must be sufficient to provide the basis for his conclusions under subsection (2).
Since we hold that the Commissioner's discretion in approving an application for a bank charter is not absolute but is rather a discretion the exercise of which is conditioned by the several statutory limitations discussed above, we further hold that, if the Commissioner acts or threatens to act in violation of such statutory limitations, his acts or threatened acts may be subjected to judicial review under the provisions of Section 659.56, Florida Statutes, F.S.A.
In the case at bar, however, we do not think that the allegations of the plaintiff's second amended complaint are sufficient to bring this case within our holding *551 stated in the preceding paragraph. While the plaintiff alleges that certain matters were not covered in the Commissioner's investigation, those allegations are insufficient to show that the Commissioner has violated those statutory limitations as we construe them above in this opinion.
We conclude, therefore, that the chancellor correctly ruled that the second amended complaint "fails to state a cause of action for review by injunction or declaratory decree" and that, the plaintiff having announced that it did not wish to amend further, the said complaint be dismissed with prejudice. The order appealed from herein should be and it is
Affirmed.
STURGIS, C.J., and WIGGINTON, J., concur.