283 So.2d 31 (1973)
SPECIAL DISABILITY TRUST FUND, Petitioner,
v.
FLEET TRANSPORT COMPANY et al., Respondents.
No. 43236.
Supreme Court of Florida.
June 6, 1973.
Rehearing Denied October 10, 1973.
James H. Smith, St. Petersburg, for petitioner.
R.E. Hodges, of Miller & Hodges, Coral Gables, for respondents.
John G. Tomlinson, Jr., of Williams & Tomlinson, Coral Gables, and John F. McMath, of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for amici curiae.
ADKINS, Justice.
On petition for writ of certiorari, we review an Order of the Industrial Relations Commission which reversed a compensation order of the Judge of Industrial Claims in favor of the petitioner, the Special Disability Trust Fund. We have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(3), F.S.A.
The sole issue before the Judge of Industrial Claims, the Industrial Relations Commission, and this Court is the proper method for applying the Special Disability Trust Fund pursuant to Fla. Stat. § 440.49(4), F.S.A.
Claimant in this cause, Charles E. Jupin, was injured February 21, 1969, and returned to work for the same employer-respondent on October 6, 1969, with no finding having been made as to permanent partial disability resulting from the accident, *32 but with the employer having full knowledge that there was some resultant disability.
On November 12, 1969, claimant was again injured. Payment had been made to claimant on the original injury for medical costs and for temporary total disability. Payment was also made for medical costs and temporary total disability on the second accident. The total remaining claim which claimant had against respondent was then settled by stipulation between the parties as adopted by compensation order of the Judge of Industrial Claims, with the settlement being $15,000, of which $13,720 was identified as covering permanent partial disability compensation, and $1,280 was identified as covering future medical care.
The sole medical testimony was that the first accident had resulted in a permanent 12 1/2 per cent disability of the body as a whole, and that the two accidents merging together had resulted in a total disability of 25 per cent of the body as a whole. The second accident alone would have caused only minimal permanent disability, according to the opinion of the sole medical witness.
The Judge of Industrial Claims relied upon the decision of this Court in Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731 (Fla. 1967), in holding that the Fund would reimburse the employer only for that amount that
"[W]ould have been apportioned out of the claimant's award of compensation had it been an apportionment situation."
The Industrial Relations Commission properly reversed the Judge of Industrial Claims on the reliance of this test, but failed to provide a proper test for the Judge to utilize on remand.
As we determined in the case of Jackson v. Nat. Harrison Associates, 283 So.2d 27 (Fla. 1973), filed this date, Stephens v. Winn-Dixie Stores, Inc., supra, is no longer controlling since the apportionment statute (Fla. Stat. § 440,15(5)(c), F.S.A.) has been substantially altered since the rendition of the Stephens' opinion. With the inconsistency which required the result in Stephens corrected by statute, Fla. Stat. § 440.49(4), F.S.A., can now be applied as a simple reading of its terms dictates.
The Legislative intent in the adoption of Fla. Stat. § 440,49(4)(a), F.S.A., is set forth in the statute and provides:
"It is the purpose of this subsection to encourage the employment of the physically handicapped by protecting employers from excess liability for compensation and medical expense when an injury to a handicapped worker merges with his pre-existing permanent physical impairment to cause a greater disability than would have resulted from the injury alone. It shall not be construed to create or provide any benefits for injured employees or their dependents not otherwise provided by this chapter. The entitlement of an injured employee or his dependents to compensation under this chapter shall be determined without regard to this subsection, the provisions of which shall be considered only in determining whether an employer or carrier who has paid compensation under this chapter is entitled to reimbursement from the special disability trust fund."
Only two facts are really necessary for the proper functioning of the Fund. First, it must be determined how much the employer has been required to pay in compensation and medical benefits. Second, it must be determined how much the employer would have had to pay had the claimant not suffered from the pre-existing permanent physical impairment. The latter is the amount properly borne by the employer, and the difference between the former and the latter is the amount for which the employer can properly seek reimbursement from the Fund, if that amount exceeds the minimum requirement of $1,500. Fla. Stat. § 440.49(4)(f), F.S.A.
Thus, for purposes of implementing Fla. Stat. § 440.49, F.S.A., the Judge of Industrial *33 Claims must make findings of fact as to the dollar amount of compensation and medical benefits actually paid by the employer, and as to the amount of compensation and medical benefits which would have been paid on the basis of the accident alone without the merger effect with the pre-existing permanent physical impairment. It is only the ratio of compensation which was actually paid to compensation which would have been paid for the accident alone  without consideration of medical benefits  which determines the portion of temporary disability compensation to be borne by the Fund.
The Judge of Industrial Claims hearing the claim for reimbursement shall make findings of fact independent from any made in the award of compensation to the claimant. The judge should hold a separate hearing or allow the filing of separate arguments for this purpose because the Special Disability Trust Fund would not be a proper party to the hearings and order on the issue of compensation. The interests of the Fund must be protected in a later hearing. However, where, as in the case sub judice, the payment of compensation by employer was made on the basis of joint stipulations for a lump sum pursuant to Fla. Stat. § 440.20(10), F.S.A., the payment thus made shall be considered the proper and reasonable compensation due to the claimant for purposes of determining what reimbursement from the Fund, if any, is due.
The case sub judice presents one final issue in that the pre-existing permanent disability of claimant which gave rise to the merger effect was a compensable injury attributable to the same employer, and the injury had not been compensated or even rated. Accordingly, the Judge of Industrial Claims must also find what dollar amount the employer must bear in relation to the first, uncompensated accident. For this is a responsibility which the employer would bear whether or not the second accident occurred. To require the Special Disability Trust Fund to bear the cost of the first accident merely because there was a second accident would be to go beyond the clear meaning of the statute and to create a windfall for the employer and a burden on the Fund which the Legislature did not intend.
The decision of the Industrial Relations Commission is affirmed and the cause is returned to the Commission for remand to the Judge of Industrial Claims for further proceedings not inconsistent herewith.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD and DREW (Retired), JJ., concur.