283 So.2d 27 (1973)
Eddie T. JACKSON, Petitioner,
v.
NAT HARRISON ASSOCIATES and the Florida Industrial Relations Commission, an Administrative Agency, Respondents.
No. 43101.
Supreme Court of Florida.
June 6, 1973.
*28 Jack H. Cohen of the Law Office of David Goldman, Miami, for petitioner.
R.E. Hodges of Lally, Miller & Hodges, Coral Gables, for respondents.
CARLTON, Chief Justice.
On petition for writ of certiorari, we review an order of the Industrial Relations Commission which reversed a Compensation Order of the Judge of Industrial Claims in favor of petitioner Jackson.
Jackson, while employed by respondent Nat Harrison Associates, suffered a compensable injury to the left leg in 1966 which was settled by stipulation of the parties. Respondent paid petitioner $9200, which represented compensation of $7000 and $2200 for possible future medical. Petitioner returned to work for respondent in 1970, and thereafter was involved in three minor accidents which gave rise to the present claim. The Judge of Industrial Claims found that the injury resulting from these three accidents, also to the left leg, merged with the prior injury to produce a total disability materially and substantially greater than that which would have resulted from the second injury alone. He held that Fla. Stat. § 440.15(5)(c), F.S.A., relating to subsequent injuries, was applicable and he attempted to apply it, apparently in accordance with our interpretation of that statute in Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731 (Fla. 1967).
Our opinion in Stephens, however, should no longer be of any effect in this regard, because § 440.15(5)(c) has been substantially altered since that opinion was rendered. The Industrial Relations Commission seemingly recognized this fact, and it remanded this case to the Judge with directions to enter a new order consistent with its opinion. That opinion, however, is far from clear and specific as to how the statute should now be applied. We have granted certiorari for the purposes of eliminating any doubt as to the proper method of determining the compensation to be awarded in situations covered by § 440.15(5)(c) and explaining the effects of the amendments to this statute on our Stephens opinion.
Originally, § 440.15(5)(c) provided that, when a second injury merged with a prior injury to produce a greater disability than would have resulted from the second injury alone, the maximum compensation allowed would be that which would have been allowed for the second injury alone. In Stephens, we held that this provision was incompatible with those of Fla. Stat. § 440.49(4)(c), F.S.A., which provided for reimbursement of an employer from the special disability trust fund for all compensation awarded for a second injury in excess of that which would have been allowed for the injury when considered by itself and not in conjunction with a previous impairment. We resolved the incompatibility by holding that, since § 440.15(5)(c) did not permit the recovery by an employee of any excess in successive-injury situations, then § 440.49(4)(c) must be the source of the excess benefit despite an indication elsewhere in § 440.49 that this was not intended.
*29 When § 440.15(5)(c) was subsequently amended, the stated maximum compensation allowable for the second of successive injuries  i.e., that which would have been allowable for the second injury alone  was changed to a minimum amount to be awarded. Clearly, then, § 440.15(5)(c) itself now allows an employee to recover excess benefits, for which the special disability fund will reimburse the employer, pursuant to § 440.49.
Another change in § 440.15(5)(c) was the addition of a specific formula for determining the total compensation to be awarded when an employee suffers successive compensable injuries which have cumulative effects. When we decided Stephens, the statute contained no such formula. The one which has been added is one which we considered and rejected in Stephens. That decision, therefore, is no longer valid in that respect.
§ 440.15(5)(c) now reads, in part:
"[I]f an employee who has received compensation under this chapter for a previous permanent partial disability, impairment, or disease incurs a subsequent permanent partial disability from injury or occupational disease arising out of and in the course of his employment which merges with the preexisting permanent partial disability, impairment, or disease to cause a permanent partial disability that is greater than that which would have resulted from the subsequent injury or occupational disease alone, the compensation received for the previous permanent partial disability, impairment, or disease shall be deducted from the compensation payable for the subsequent permanent partial disability. However, in no event shall the compensation for the subsequent permanent partial disability be less than that allowed for the degree of disability that would have resulted from the subsequent injury or occupational disease if the previous disability had not existed."
To award compensation under this statute, a Judge of Industrial Claims must first find that an employee has received compensation for a previous permanent partial disability, impairment or disease; that the employee incurred another compensable permanent partial disability from injury or disease; and that the second disability merged with the pre-existing one to cause a greater permanent partial disability than would have resulted from the second injury or disease alone.
To determine the amount of compensation to allow, the Judge must make a finding as to the entire resulting disability and the compensation payable therefor [determined on the basis of the employee's earning capacity at the time of the second injury, as provided elsewhere in § 440.15(5)(c)]; from this amount is deducted the actual "compensation received" for the pre-existing disability, whether by settlement or award; the difference is the amount to be awarded. Then, the Judge must determine the amount of compensation the employee would have received if the original disability had not existed when he incurred the second injury or disease; this amount is awarded if it exceeds the amount first determined.
We cannot apply this formula in the case we have here for review because all the necessary findings of fact were not made by the Judge of Industrial Claims. Therefore, as an example, we outline the procedure in the following hypothetical situation:
Employee Jones suffers a compensable injury resulting in the loss of his right hand. By settlement with his employer he is paid compensation of $10,500. He returns to work for the same employer at a wage which would entitle him to the maximum weekly compensation if injured again. He is injured again, this time resulting in a 20% loss of use of his left arm. The Judge finds that, if Jones had not previously lost his right hand, the second *30 injury would have resulted in only the 20% loss of use of the left arm (no greater loss of wage earning capacity); but that the second injury, coupled with the first, resulted in an 85% reduction in Jones' wage earning capacity. Since the first permanent partial disability was compensated, since the second is compensable, and since the two merge to cause a greater permanent partial disability than would have resulted from the second injury alone, § 440.15(5)(c) is applicable.
First, the Judge must determine the total amount of the compensation allowable for the entire disability, an 85% loss of wage earning capacity. From this, then, is subtracted the $10,500 received in settlement of the first injury. The difference is the amount to be awarded, provided it exceeds the minimum amount. The minimum in this hypothetical is the amount that would have been awarded for just a 20% loss of use of the left arm. Thus, the award determined above would be greater than the minimum. The amount awarded should be allowed at the employee's applicable weekly compensation rate for the necessary number of weeks until paid in full.
Under this method of compensation, the excess benefit to the employee  and the excess liability of the employer to be reimbursed to him from the special disability fund  is easily determined. It is the amount by which the compensation ultimately awarded exceeds the minimum allowable. Our opinion in Special Disability Trust Fund v. Fleet Transport Company, 283 So.2d 31 (Fla. 1973), issued this date, outlines the procedure for applying § 440.49 to determine the amount to be reimbursed.
Returning to the case sub judice, the cause will have to be remanded to the Judge of Industrial Clains for necessary findings of fact and application of § 440.15(5)(c) as outlined above. The decision of the Industrial Relations Commission is reversed insofar as it indicates a contrary interpretation of the statute. Our Stephens decision, as well as any other decisions regarding § 440.15(5)(c) which are inconsistent with this opinion, are hereby expressly overruled in that respect.
The decision of the Industrial Relations Commission in this cause must also be reversed in one further regard. That decision altered the Judge's award of remedial medical care and treatment. The Commission held that, since the record did not reveal that any of the $2200 received by petitioner for future medical in the settlement of his first injury had ever been spent for that purpose, the award for medical care and treatment should be limited to that which can be attributed to petitioner's second injury and that which it is impossible to specifically attribute to either injury. This decision is contrary to Fla. Stat. § 440.02(19), F.S.A., which declares that medical treatment is not apportionable. See Russell House Movers, Inc. v. Nolin, 210 So.2d 859 (Fla. 1968). On remand, therefore, the Compensation Order is not to be amended as to medical treatment as indicated by the Commission.
This cause is returned to the Industrial Relations Commission with orders to remand the cause to the Judge of Industrial Claims only for the purpose of applying § 440.15(5)(c) as indicated herein, including the taking of additional testimony, if necessary, to make proper findings.
It is so ordered.
ERVIN, ADKINS, BOYD and DREW (Retired), JJ., concur.