McCAIN, Justice.
This cause is before us on petition for writ of certiorari to review an order of the Industrial Relations Commission which reversed and remanded the case to the Judge of Industrial Claims.
An employee of the petitioner, Southland Corporation, became involved in an argument with an intoxicated customer at his place of employment on June 9, 1969. As a result of this incident the employee became ill and was admitted to a hospital where he lost consciousness and died two days later of a brain stem hemorrhage.
As a result of this accident, the petitioner and the widow of the deceased employee entered into disability benefit negotiations and ultimately reached a compromise settlement. On November 19, 1970, the Judge of Industrial Claims entered an order approving a joint petition from the petitioner and the employee’s widow, filed pursuant to Fla.Stat. § 440.20(10) F.S.A., for a full, lump sum settlement of $7,723.61.
The petitioner then filed a claim against the respondent, the Special Disability Trust Fund, contending that the deceased employee had died due to the combined effects of his pre-existing hypertension and the effects of the argument of June 9, 1969.
According to the findings of the Judge of Industrial Claims, the employee had in fact suffered from hypertension for some time prior to the June 9th accident, and the petitioner was aware of this fact. The Judge also found that the pre-existing hypertension had merged with the accident to cause disability which was greater than would have resulted from the accident alone. Because there had been a merger, the Judge held that the death benefits, except those benefits due to the widow and surviving children under Fla.Stat. § 440.-49(4) (d) F.S.A., would have to be apportioned between the accelerating accident and the pre-existing condition. Accordingly, based upon a finding that 40% of the employee’s death was attributable to the accelerating accident and 60% was due to the pre-existing condition, the Judge proceeded to make findings and to divide the obligation of the petitioner and the Fund as follows:
“That at the time of the employee’s death on 11 June 69, and at the time the Settlement and Joint Petition was approved on 19 November 70, the widow and four minor children were entitled to full death benefits in the sum of $15,000.00 (maximum limit), of which 40%, or $6,000.00, is due to the industrial accident of 9 June 69, and is the obligation solely of the employer/carrier; that the Special Disability Fund is obligated to reimburse the employer/carrier for all compensation paid for the employee’s death in excess of the compensation which would have been payable for acceleration of the death reasonably attributable to the subsequent injury of 9 June 69 considered by itself and not in conjunction with the pre-existing permanent physical impairment; that the employer/carrier having paid the sum of $7,723.61 in compensation benefits, they *383 are entitled to be reimbursed by the Special Disability Fund in the amount of $1,723.61, which represents the excess (as per Florida Statute 440.49(4) (d) F. S.A.)”
From this order, the petitioner appealed to the Industrial Relations Commission alleging that the Judge had erred in not finding the Fund liable for 60% of the actual amount paid as a settlement — 60% of $7,723.61 or $4,634.16. The Fund cross-appealed contending, among other things, that the Judge had erred in finding a 40%-60% split and arguing that a reasonable figure due from the Fund, minus an allowance for funeral expenses, would produce an amount below the requisite jurisdictional amount of $1,500.00.
The Full Commission reversed and remanded the Judge’s order, holding in pertinent part as follows:
“Having considered the cause upon the record and briefs, we have determined that the finding of the Judge of Industrial Claims concerning apportionment is inconsistent with the evidence. The Judge’s finding that the pre-existing hypertension was responsible for 60% of the employee’s death is incompatible with the expert witness’ testimony that the pre-existing hypertension was responsible for only 40 percent of the employee’s death.
“Moreover, we are unable to determine whether the Judge of Industrial Claims deducted the amount allocated for funeral expenses in computing the excess compensation paid to the employee’s survivors by the employer/carrier. Accordingly, we must remand to the Judge of Industrial Claims to determine whether or not the excess compensation, exclusive of funeral expenses, meets the jurisdictional minimum of $1,500 required for reimbursement from the Special Disability Fund.”
We issued a writ of certiorari to the Industrial Relations Commission and in March, 1973 heard oral arguments. Subsequently, we issued our decision in Special Disability Trust Fund v. Fleet Transport Co., Fla., 283 So.2d 31 filed June 6, 1973, in which we enunciated the necessary findings of fact and the proper test to be utilized in applying Fla.Stat. § 440.49(4) F.S.A. While in Fleet Transport, the accident merged with a pre-existing condition to create permanent disability rather than death, the controlling provision, Fla.Stat. § 440.49(4) (c) F.S.A., is nearly identical in pertinent language to that contained in the provision now under consideration— Fla.Stat. § 440.49(4) (d) F.S.A. Accordingly, we hold that the Fleet Transport decision is applicable to this case.
In light of the fact that the Judge of Industrial Claims and the Industrial Relations Commission reached their decisions without the benefit of our pronouncement as to the appropriate application of Fla. Stat. § 440.49(4) F.S.A., we reverse and remand the cause to the Industrial Relations Commission with directions to further reverse and remand to the Judge of Industrial Claims for further proceedings not inconsistent with Fleet Transport.
It is so ordered.
CARLTON, C. J., and ERVIN, BOYD and DEKLE, JJ., concur.