358 So.2d 1 (1978)
SPECIAL DISABILITY TRUST FUND, Petitioner,
v.
TROPICANA PRODUCTS, INC., Royal Globe Insurance Company, and Florida Industrial Relations Commission, Respondents.
No. 48634.
Supreme Court of Florida.
March 2, 1978.
Rehearing Denied May 8, 1978.
Margaret M. Black, Tallahassee, for petitioner.
James H. Smith of Marlow, Mitzel, Ortmayer & Shofi, Tampa, for respondents.
PER CURIAM.
We have for review by certiorari an order of the Industrial Relations Commission dismissing the petitioner's application for review of an order of a Judge of Industrial Claims. Jurisdiction vests in this Court, pursuant to Article V, Section 3(b)(3), Florida Constitution, and Section 440.27(1), Florida Statutes (1975).
Grady Cutts severely injured his back in 1967. The injury and resulting infection left him permanently disabled. In 1972, Grady slipped off a truck at work and reinjured his back. The two injuries left him permanently and totally disabled. A Judge of Industrial Claims ordered Grady's employer to provide permanent disability compensation. Later Grady, his employer, and the employer's insurance carrier petitioned the judge for an order approving and requiring a lump sum settlement.
In separate proceedings, pursuant to Section 440.49(4), Florida Statutes (1975), the employer and its carrier sought reimbursement from the Special Disability Trust Fund (Fund) for the portion of benefits paid which was attributable to the pre-existing physical impairment caused by the 1967 injury. The Fund moved for joinder in the settlement proceeding. A hearing was held and the motion was denied. The Industrial Relations Commission dismissed the Fund's appeal for review of the denial, and the Fund now petitions this Court for certiorari. The Fund claims the judge's rejection of its bid for joinder was a denial of its rights under the Workmen's Compensation Act, Chapter 440, Florida Statutes (1975), the Florida Administrative Procedures Act (APA), Chapter 120, Florida Statutes (1975), and the due process guarantees of the Florida and United States Constitutions.
The issue is whether the Special Disability Trust Fund is an "interested party" to a lump sum settlement authorized in Section 440.20(10), Florida Statutes (1975), and in Workmen's Compensation Rule 17(f). The plain meaning of the statute's words provides *2 the answer. Since the money to be received by the injured claimant in settlement of his claim will in part be paid by the Fund, obviously the Fund is a party "interested" in the settlement to the same extent as others financially responsible, such as the employer and the carrier. See National Bank of Tampa v. Green, 175 So.2d 545 (Fla. 1st DCA 1965); Goldberger v. Wolfie's Restaurant, IRC Order No. 2-2424 (10/8/73). There is no merit to respondent's suggestions (1) that the Fund is free to litigate the claimant's entitlement to the settlement benefits in a later, independent proceeding, and (2) that the settlement figure does not conclusively establish the Fund's liability. See Special Disability Trust Fund v. Fleet Transport Co., 283 So.2d 31 (Fla. 1973). As the Fund demonstrates, Section 440.49(4)(g) has an extremely limited effect on this proceeding and does not bar Fund joinder.
We hold the Fund may have a right to intervene in workmen's compensation lump sum settlement proceedings when the employer or carrier is seeking Fund reimbursement for part of the payments at issue. This holding does not modify our decision in Special Disability Trust Fund v. Fleet Transport Co., supra, that the Fund is not a proper party to compensation proceedings. That issue is not present in this case. Since this issue is resolved under the Workmen's Compensation Act, we do not address or pass upon the Fund's APA and constitutional claims.
The Industrial Relations Commission departed from the essential requirements of the law. Its order is quashed, and this case is remanded for a determination of the merits of the Fund's application for review.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., concurs specially with an opinion, with which HATCHETT, J., concurs.
ADKINS, Justice, specially concurring:
I concur with the majority's decision that under the Workmen's Compensation Act and the Workmen's Compensation Rules of Procedure, the Fund may be entitled to participate in the settlement proceedings below. I cannot, however, concur in the majority's cavalier disregard of the Fund's APA claims.
Allowing participation under the Workmen's Compensation Act does not give the Fund the same rights participation under the auspices of the Administration Procedure Act would. Compare, Chapter 120, Florida Statutes (1975) and Chapter 440, Florida Statutes (1975). Litigants should be informed of the reasons for rejection of their good faith claims. This explains my position that the APA does not apply to workmen's compensation proceedings.
The applicability of the APA to workmen's compensation proceedings has been unclear. In Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974), this Court acknowledged the issue's existence, but the Court did not find it necessary to resolve it. There is some uncertainty among attorneys. 50 Fla.B.J. 508 (1976). This Court referred to the proceedings as "more judicial than quasi-judicial" (In re Florida Workmen's Compensation Rules of Procedure, 258 So.2d 601 [Fla. 1973] at 601) or "judicial functions" (Scholastic Systems, Inc. v. LeLoup, supra, at 171) on one hand while referring to the Industrial Relations Commission as an administrative agency on the other. See, e.g. Vargas v. Americana of Bal Harbor, 345 So.2d 1052 (Fla. 1976), and Chicken'n Things v. Murray, 329 So.2d 302 (Fla. 1976).
The APA is broadly aimed and broadly worded. Construed alone it could easily encompass workmen's compensation proceedings. The reporter for the Law Revision Council, which presented the act, thought the proceedings were covered. Reporters' Comments on Proposed APA for State of Florida (March 9, 1974), p. 24. An amendment to the act specifically exempting the Industrial Relations Commission and the Judges of Industrial Claims was rejected by the Legislature. Journal of the *3 Senate, Regular Session 1974, at 563, 622, 906, 914. The action is ambiguous and unexplained but could be interpreted as showing an intent to cover workmen's compensation proceedings. But it could just as easily be interpreted as showing the Legislature thought workmen's compensation proceedings were not covered and that a specific exemption was mere verbiage. Statutes, however, cannot be construed alone. It is our duty to interpret and give effect to all the laws and resolve conflicts among them in a way most likely to give effect to the Legislature's intent.
The legislative session that enacted the APA and the one that followed also amended and re-enacted portions of the Workmen's Compensation Act. To read the APA as applying to the Workmen's Compensation proceedings would render the contemporaneous and subsequent enactments inexplicable and futile. The repealer section of the APA offers no assistance since it affects only statutes in existence in 1973. Section 120.72(1), Florida Statutes (1975).
The APA was adopted to make rule-making and adjudicative procedures uniform throughout state agencies. Section 120.72(1), Florida Statutes (1975). It requires extensive procedural steps for promulgation of rules. Sections 120.53, 120.54, 120.55, 120.56, Florida Statutes (1975). Enacted as Chapter 74-310, Section 1, Laws of Florida. Yet a contemporaneous amendment to the Workmen's Compensation Act requires the Supreme Court to adopt rules governing practice and procedure before the Industrial Relations Commission and the Judges of Industrial Claims. Enacted as Chapter 74-197, Section 16, Laws of Florida, re-enacted as Chapter 75-209, Section 14, Laws of Florida. (Rules of practice and procedure were the only ones the commission or judges were empowered to create before the amendment. See Chapter 440, Florida Statutes [1973]). Section 440.29(3), Florida Statutes (1975). The Legislature clearly did not intend for Chapter 120 to apply to rule-making workmen's compensation proceedings. The Supreme Court is immune to the APA. Section 120.50, Florida Statutes (1975).
The APA also requires certain procedures for decisions affecting substantial interests. Formal proceedings are required whenever a disputed issue of material fact is involved. Section 120.57, Florida Statutes (1975). Claims to workmen's compensation benefits are substantial interests, and they invariably involve questions of material fact. If any part of Section 120.57, Florida Statutes (1975) applies to workmen's compensation proceedings, it is the formal proceedings requirement. Workmen's compensation proceedings are exempted from the required use of hearing officers but are not otherwise specifically exempted from Section 120.57, Florida Statutes (1975). Hearing officers are required to submit a proposed order with findings of fact and allow ten days for filing of exceptions. Section 120.57(1)(b)(8), Florida Statutes (1975). All parties are guaranteed the right to submit proposed findings of fact. Section 120.57(1)(b)(4), Florida Statutes (1975). After hearing exceptions and considering the proposed order, the agency head issues a final order which must include a ruling on each proposed finding and a brief explanation of the denial. Section 120.59, Florida Statutes (1975). Review of the hearing officer's proposed order by the agency head is mandatory. Section 120.57(1)(b)(8), (9), Florida Statutes (1975).
In incompatible contrast, a Judge of Industrial Claims' order need only set forth findings of ultimate fact and the mandate. Other reasons or justifications are specifically not required. Section 440.25(3)(c), Florida Statutes (1975). Review of the order is not automatic; there is none unless a party provides a transcript. Section 440.25(4)(b), Florida Statutes (1975). The Legislature has created two conflicting adjudicative procedures. All these provisions of the Workmen's Compensation Act were re-enacted after the APA's enactment. Chapter 75-209, Section 12, Laws of Florida. To give the provisions of both laws the effect and weight they are due, I conclude that the APA does not apply to the unique, long-established, well-respected procedures *4 of the Industrial Relations Commission and Judges of Industrial Claims.
HATCHETT, J., concurs.