ERVIN, Judge.
The appellant, Special Disability Trust Fund, filed motions to be joined, to dismiss the appellees’ joint petition and stipulation under Section 440.20(10), Florida Statutes (1975),[1] and for attorneys’ fees and costs before the Judge of Industrial Claims (JIC). After a hearing, the judge denied the motions for attorneys’ fees and costs and to dismiss. The following day, the judge entered an order in accordance with the appel-lees’ joint petition. The Fund’s motion for relief from judgment was denied, and it appealed.
Here, the Fund is in the contradictory position of having moved and consented to be joined in the joint petition proceedings only to seek dismissal of the same proceedings on grounds that it is an “interested party” whose objection to the petition divested the JIC of jurisdiction to enter the joint petition order. We do not agree that Special Disability Trust Fund v. Tropicana Products, Inc., 358 So.2d 1 (Fla.1978) places the jurisdiction of the judges of industrial claims at the whim of the Fund. In Tropicana Products, Inc., supra, the court reviewed the judge of industrial claim’s denial of the Fund’s motion for joinder in the settlement proceedings, and held that “the Fund may have a right to intervene in workmen’s compensation lump sum settle *406 ment proceedings when the employer or carrier is seeking Fund reimbursement .358 So.2d at 2. There is nothing in Tropicana which implies that the JIC is divested of jurisdiction from entering a final order which might conceivably in the future affect the Fund because the Fund declines to participate in the proceedings once it is properly joined.
At the hearing on the motions to be joined and to dismiss in this case, the Fund stated alternatively that it objected to the wash-out and that it refused to join in the joint petition. When it was clear no explanation for the refusal or objection would be forthcoming and the Fund was simply asserting its power to halt the joint petition proceedings at will, the judge denied the motions to dismiss and for attorney’s fees. The judge did not err in entering the joint petition order after giving the Fund a chance to be heard on the propriety of the wash-out.[2]
While we affirm the joint petition order, we note that the Fund is not bound by any findings in the order or agreements in the stipulation since “no findings of fact made with respect to the claim of the injured employee or [his] dependents for compensation, including any finding made or order entered pursuant to Section 440.20(10) shall be res judicata.” This provision was added to Section 440.49(4)(g) by Chapter 74-197, § 21, Laws of Florida, in an apparent response to Special Disability Trust Fund v. Fleet Transport Co., 283 So.2d 31, 33 (Fla.1973), which stated that where a payment of compensation is made on the basis of joint stipulations for a lump sum, the payment would “be considered the proper and reasonable compensation due to the claimant for the purpose of determining what reimbursement from the Fund, if any, it is due.” The effect of the amendment to the statute is clear: A compensation order does not bind the Fund in any later action by the employer seeking reimbursement for amounts paid by it for more than the threshold limits required in Section 440.49. Special Disability Trust Fund v. Tropicana Products, Inc., supra, does not state the contrary. The limited holding in Tropicana was simply that the Fund has a right to intervene in a Section 440.20(10) application when the employer seeks Fund reimbursement for part of the payments involved.
The result is an anomaly. While the Fund has the right to intervene in lump sum settlement proceedings, the order entered in such proceeding does not bar the Fund from relitigating the same issues on a later claim filed by the employer for reimbursement. There is no reason why a statute could not be drafted in which all issues could be appropriately resolved in one proceeding. Nor is there any reason why the employer should not be aware at the time it seeks a lump sum order whether the sum jointly agreed upon between it and the employee would entitle it to reimbursement under Section 440.49(4)(g). The procedure established is obviously costly and inefficient, but nevertheless one which the legislature in its wisdom should address.
Finding further that the order was based on competent, substantial evidence, it is AFFIRMED.
ROBERT SMITH, J., concurs.
BOOTH, J., concurring in part, dissenting in part.

. That section states, in part, that “[u]pon the application of any party in interest and after . due consideration to the interests of all interested parties, if a judge of industrial claims finds that it is for the best interests of the person entitled to compensation, said judge of industrial claims may enter a compensation order requiring that the liability of the employer .. . shall be discharged by the payment of a lump sum . . .

. The following exchange is illustrative:
THE JUDGE: You are saying that in your motion, as an interested party, you object to said petition?
MRS. GENTRY: Yes.
THE JUDGE: Can you tell me why?
MRS. GENTRY: I can tell you why but really the merits of our objection is not what is being decided today.
The sole issue is that we are an interested party and we object to the washout, so the washout should not go through on that basis.
THE JUDGE: You are saying that you have veto power, without stating any reasons to the Judge as to why you are objecting.
MRS. GENTRY: Yes, sir.
The foregoing clearly shows that another point of the Fund’s on appeal, relating to the JIC failing to rule on its motion to be joined, is without merit. It is clear the JIC considered the Fund an interested party and that it refused to raise any substantive issues once it was accepted as such.