MILLS, Chief Judge.
The.issue in this appeal is the construction of § 440.49(4)(e), Florida Statutes (1975), which reads:
Subject to the limitations specified in paragraph (f), and when the preexisting permanent physical impairment has contributed to the need [either] medically or circumstantially for temporary disability *1168 and remedial treatment, care, and attendance, an employer entitled to reimbursement from the Special Disability Trust Fund for compensation paid for permanent disability or death shall be reimbursed from said fund for 50 percent of the first $10,000 paid as compensation for temporary disability and remedial treatment, care, and attendance pursuant to s. 440.13, for the same injury; thereafter, the employer shall be reimbursed from said fund for all sums paid by the employer as compensation for temporary disability and remedial treatment, care and attendance pursuant to s. 440.13 which are in excess of $10,000. However, any amount in excess of $1,500 which is designated as consideration for future remedial treatment, care, and attendance in discharge of an employer’s liability pursuant to the provisions of subsection 440.-20(10) in which the employee is not permanently and totally disabled shall be reclassified for the purposes of this subsection as compensation for permanent disability.
Prior to the proceedings in this case, the employee and the carrier, appellee, entered into a joint stipulation which stated $9,400 was satisfaction for future medical and $12,000 was satisfaction for disability. After approval of the joint stipulation, the carrier applied to the Fund, appellant, for reimbursement, contending there was un-controverted evidence of a merger. The Fund resisted reimbursement contending that the disability benefits of $12,000 paid to the employee did not reflect payment for the effect of merger equal to or in excess of $3,000. § 440.49(4)(f), Florida Statutes (1975).
The carrier argues that § 440.49(4)(e) requires the Judge of Industrial Claims to reclassify to disability all medical benefits in excess of $1,500. Alternatively, the carrier asserts that the stipulation between the employee and the carrier is not binding in proceedings brought against the Fund. The carrier attempts to show that the allocation to future medical does not reflect the employee’s need for future medical because his condition did not require future treatment at the time he entered into the joint stipulation with the carrier. The Fund argues that this evidence violates the Parol Evidence Rule and that the allocations in the stipulation are binding upon the carrier.
The Judge construed § 440.49(4)(e) as a mandate to reclassify to disability all medical benefits in excess of $1,500. Accordingly, he reallocated to disability all “future medical” benefits in excess of $1,500 and found that the carrier was entitled to reimbursement from the Fund.
The Fund argues that § 440.49(4)(e) cannot be considered relevant in any Fund proceeding until after an employer’s eligibility has been established. The carrier contends the Judge erred in ruling that its evidence was inadmissible because it violated the Parol Evidence Rule.
We Reverse.
Section 440.49(4)(e) is not applicable to this case. In relevant part, that provision reads:
when the preexisting permanent physical impairment has contributed to the need .for temporary disability and remedial treatment, care, and attendance, an employer . . . shall be reimbursed . . (Emphasis supplied)
The provision thereafter delineates the formula for reimbursement in cases where such preexisting permanent physical impairment contributes to the need for temporary disability and remedial treatment. Our construction of § 440.49(4)(e) finds support in legislative clarification in its 1979 revision of the Act.
In this case, the employee’s preexisting permanent physical impairment was not shown to have contributed to either temporary disability or remedial treatment much less both. Consequently, § 440.49(4)(e) has no place in these proceedings; nor does the Parol Evidence Rule, which is designed to prevent introduction of fraudulent evidence in proceedings between parties to a written instrument.
The Judge of Industrial Claims is an independent fact finder in proceedings against the Fund. Special Disability Trust Fund v. Fleet Transport, 283 So.2d 31 (Fla. *1169 1973). He is not bound by prior fact finding. § 440.49(4)(g), Florida Statutes (1975). Nor is he bound by any finding made or order entered pursuant to joint stipulation. Id. Our construction of § 440.49(4)(e) and our decision in this case leaves unabridged the Judge’s exercise of his proper function under the law.
Accordingly, we reverse the order before us on all the issues raised in this appeal, and we remand the cause for entry of an order consistent with this opinion.
Reversed and remanded.
McCORD, J., concurs.
BOOTH, J., dissents with opinion.