PER CURIAM.
Appellants challenge the deputy’s order modifying a previous compensation order based on mistake of fact. The deputy found that claimant now had epileptic seizures which were a result of the previous industrial accident. He, therefore, found that claimant was temporarily and totally disabled since the date of the accident. This finding was based upon the testimony of Dr. Cauthen.
Appellants argue that since testimony as to claimant’s epileptic condition was in the *885 record of the first hearing, when claimant was found to have no permanent head injury, a finding of mistake of fact was erroneous. We agree that the record does not support a finding of mistake of fact. However, we find that the record does support a change of condition. Dr. Cauthen’s testimony reveals that claimant’s seizures were more severe and much more frequent than those manifested prior to the first hearing. Therefore, we hold the modification was proper based upon a change of condition. See Rush Tractor Co., Inc. v. Keene, IRC Order 2-3298 (Dec. 21, 1977), cert. denied, 355 So.2d 515 (Fla.1978).
As to all other points the order is affirmed. The order is clarified as follows: The carrier is to provide the claimant such medical care and attention as the nature of his injury and the process of his recovery might require under the direction of Dr. Joseph C. Cauthen from July 31, 1979 forward.
ERVIN and SHAW, JJ., and WOODROW M. MELVIN, (Retired) Associate Judge, concur.