OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
In this workers’ compensation claim, the deputy commissioner granted the claimant’s Section 440.28, Florida Statutes, petition for modification and, as a result of a finding that a subsequent injury had merged with a pre-existing permanent partial disability, awarded claimant permanent partial disability under the doctrine of merger, apportioning the liability between the carrier for the first injury (Argonaut) and the carrier for the second injury (Liberty). Liberty brings this appeal and the claimant brings a cross-appeal. Finding no error, we affirm the compensation order.
In 1973 claimant sustained a compensable injury to his left knee resulting, over a period of time, in multiple knee surgery and (because of an altered gait) back surgery. After each surgery, whenever he was able to do so, he returned to work for the same employer. On January 9, 1979, claimant sustained a second compensable injury to the same knee. At that time claimant was sixty years of age. He filed a claim for permanent total disability but made no alternative claim. As a result of a hearing on the claim, the deputy commissioner entered an order denying the claim because the claimant testified that he had refused offered employment as a security guard because it did not pay enough.
Immediately, claimant filed a petition for modification by which he sought compensation for permanent partial disability less than permanent total, asserting both a change in condition and a mistake in determination of fact. As a result of a hearing on the petition for modification, the deputy commissioner (impliedly) found a change in condition and entered the appealed order.
Appellant first contends that it was error for the deputy commissioner to consider a petition for modification under Section 440.28, Florida Statutes, because there was neither a change in condition nor a mistake in determining facts. However, the record shows that claimant’s treating physician, Dr. Rahilly, testified that claimant’s condition was worse than at the time of the prior hearing. This testimony was adequate to support the deputy commissioner’s (implied) finding of a changed condition. Housing by Vogue v. Hendon, 386 So.2d 884 (Fla. 1st DCA 1980).
Appellant next contends that the deputy commissioner erred in finding a merger of the disabilities resulting from the 1973 accident and those resulting from the 1979 accident. The deputy commissioner found that with regard to the 1973 accident, claimant reached maximum medical improvement on the day preceding the second accident, and, as a result of the first accident, had sustained a 50% permanent partial disability to his leg and a 5% permanent partial disability to his body as a whole, the effect of which, in claimant’s ease, resulted in a 50% wage impairment. The deputy commissioner also found that as a result of the second accident the claimant sustained an additional 10% permanent partial disability to the leg, the effect of which merged with the existing permanent partial disability, causing claimant to suffer a 60% loss of wage-earning capacity. The record contains competent, substantial evidence to sustain the deputy commissioner’s findings as to the extent of claimant’s disability resulting from the respective accidents, as well as his finding that the two accidents merged to cause a permanent partial disability greater than that which would have resulted from the subsequent injury standing alone, the latter being only a 10% disability to the leg, while the merger increased by 10% the loss of wage-earning capacity.
Finally, appellant contends that even if merger is found to be present, the deputy commissioner utilized an incorrect formula to determine the respective responsibilities of Argonaut and Liberty. Appellant’s argument is highlighted by the fact that Argonaut’s responsibility for claimant’s 50% wage impairment resulting from *1008 the first accident (based upon the compensation rate then in effect) translated into $11,550.00, whereas Liberty’s responsibility for the remaining 10% wage impairment (based upon the compensation rate applicable to the second accident) translated into the sum of $29,400.00. Notwithstanding this seeming inequity, the deputy commissioner’s computations and application of Section 440.15(3)(u)(3), Florida Statutes (1978), correctly followed the apportionment formula set forth in the case of Jackson v. Natt Harrison Associates, 283 So.2d 27 (Fla.1973), as explicated below.
At the time of the January, 1979, accident, claimant was entitled to the maximum compensation rate of $130.00 per week. As a result of the finding of merger of the two accidents, claimant sustained a 60% loss of wage-earning capacity and was therefore entitled, under Section 440.-15(3)(u)(3), Florida Statutes (1978), to 60% of 525 weeks, or 315 weeks compensation at $130.00 a week, a total of $40,950.00. From this was subtracted the $11,550.00 compensation (paid and payable) from the first accident,[1] the difference of $29,400.00 being the amount awarded for the second accident, for which sum Liberty is responsible. This computation precisely follows the formula of the Jackson case, supra. The fact that Liberty bears a substantially greater dollar responsibility than Argonaut, notwithstanding the latter’s greater share of claimant’s permanent partial disability rating, is due simply to a combination of two statutory changes between the time of the 1973 accident and the 1979 accident, i. e., a change in the compensation rate from $66.00 per week to $130.00 per week, and a change in the number of weeks of compensation from 175 weeks to 315 weeks.
Claimant’s cross-appeal simply asserts that the deputy commissioner erred in not finding claimant to be permanently and totally disabled on the basis of loss of wage-earning capacity. The deputy commissioner’s finding that claimant did, in fact, have a wage-earning capacity is supported by the record. Thus, we find no merit to the cross-appeal.
AFFIRMED.
MILLS, C. J., concurs.
WENTWORTH, J., concurs with opinion.

. At the time of the 1973 accident, a 50% permanent partial disability equalled 50% of 350 weeks. At claimant’s then compensation rate of $66.00 per week, this yielded $11,550.00.