SHIVERS, Judge.
The Special Disability Trust Fund appeals from a workers’ compensation order awarding the employer/carrier partial reimbursement under Section 440.49(4)(e) for temporary total disability and permanent partial disability benefits paid to the claimant. We reverse.
The claimant suffered a compensable accident on March 10, 1978, which resulted in a 5% permanent partial disability to her right thumb. At the time of the accident, claimant had a preexisting permanent impairment to her left arm, rendering it useless, which merged with the subsequent permanent impairment to her right thumb, producing a 60% permanent partial disability of the body as a whole. The employer had prior knowledge of the claimant’s preexisting impairment and the parties stipulated claimant’s preexisting left arm impairment contributed to her temporary total disability following the accident since it was a major factor in her inability to work. The parties also stipulated that the medical treatment received by the claimant as a result of the accident was rendered exclusively to the right thumb and she received no medical treatment to her left arm or shoulder as a result of the accident. The employer/carrier paid $2,414.29 in temporary total disability benefits, $3,680.40 in permanent partial disability benefits, and $538 in actual medical bills. Pursuant to a washout stipulation, the employer/carrier also paid $250 for future medical benefits.
The employer/carrier filed a claim for reimbursement under Section 440.49(4)(e), Florida Statutes (1977), from the Special Disability Trust Fund (Fund) for temporary and permanent compensation benefits paid to the claimant, contending the preexisting condition contributed to her need for temporary total disability benefits. The Fund argued that since there was no evidence claimant’s preexisting impairment contributed to her need for medical benefits following the accident, Section 440.49(4)(e) was inapplicable and the employer/carrier were not entitled to reimbursement for temporary total disability benefits paid to the claimant. The Fund further argued that since the employer/carrier were eligible to receive reimbursement of permanent compensation benefits only, and since reimbursement of the last 60% of the permanent compensation benefits paid by the employer/carrier would be under the $3,000 threshold requirement for reimbursement established by Section 440.49(4)(f), Florida Statutes (1977), the employer/carrier were entitled to no reimbursement at all.
On December 24, 1980, the deputy commissioner entered the appealed order denying reimbursement of medical benefits but awarding the employer/carrier reimbursement for $3,415.38 based upon the tempo *1032 rary disability and permanent partial disability compensation paid to the claimant.
The Fund is correct in arguing the deputy commissioner erred as a matter of law in awarding the employer/carrier reimbursement for 50% of the $2,414.29 in temporary total disability benefits paid to the claimant because there was no basis for the finding that the claimant’s preexisting permanent impairment to the left arm contributed to her need for both temporary disability and remedial treatment. Section 440.-49(4)(e) provides that the employer/carrier are entitled to reimbursement “when the preexisting permanent physical impairment has contributed to the need either medically or circumstantially, for temporary disability and remedial treatment, care, and attendance .... ” Here, although the parties stipulated the claimant’s preexisting impairment contributed to her need for temporary disability, they also stipulated it did not contribute to her need for medical treatment. The strict construction of the law requires the preexisting permanent impairment to contribute, either medically or circumstantially, to the claimant’s need for both temporary disability and remedial treatment before the employer/carrier may be entitled to reimbursement. Special Disability Trust Fund v. Underwriters Adjusting Co., 383 So.2d 1167 (Fla. 1st DCA 1980).
The employer/carrier contend the claimant’s preexisting impairment contributed “circumstantially” to the claimant’s need for both temporary disability and medical treatment, relying upon the deputy commissioner’s finding that but for the claimant’s preexisting condition to her left arm, the injury to her right thumb would not have occurred. However, this argument is unsupported by the record. The deputy commissioner entered his order based solely upon the parties’ stipulation and there is nothing in the stipulation regarding the circumstances surrounding the accident and therefore no record evidence to support the deputy commissioner’s finding.
Since the employer/carrier are not entitled to reimbursement of 50% of the temporary total disability benefits paid to the claimant, the award of reimbursement for permanent partial disability benefits must also be reversed. The employer/carrier paid $3,680.40 in permanent partial disability benefits. Section 440.49(4)(c)l., Florida Statutes (1977) provides the employer/carrier with reimbursement “for the last 60%” of permanent partial disability benefits paid to the claimant subject to the limitations found in Section 440.49(4)(f), Florida Statutes (1977). The last 60% of the $3,680.40 in permanent partial disability benefits paid to the claimant is $2,208.24. Section 440.49(4)(f) provides for no reimbursement “unless the total amount otherwise reimbursable to the employer” is $3,000 or more. Therefore, if the employer/carrier are not entitled to reimbursement for 50% of the temporary total disability benefits paid to the claimant, then they are not entitled to reimbursement for the last 60% of the permanent partial disability benefits paid to the claimant because the total amount is below the $3,000 threshold requirement.
Consequently, the appealed order is reversed.
REVERSED.
ROBERT P. SMITH, Jr., C. J., and MILLS, J., concur.