PER CURIAM.
This cause is before us on petition for writ of certiorari to review the Order of the Florida Industrial Commission affirming the award of the Judge of Industrial Claims. Petitioner contends: (1) That the Order of the Judge of Industrial Claims does not contain adequate findings of fact and conclusions of law; (2) That the award of 50% permanent partial disability is not supported by competent substantial evidence; and (3) That the Judge of Industrial Claims erred in failing to apportion the award.
We have examined the record and briefs and heard argument of counsel. As to petitioner’s points 1 and 2, supra, we find that the Commission in affirming the Judge of Industrial Claims did not depart from the essential requirements of law.
Petitioner’s point 3, supra, regarding apportionment is based on the following findings of the Judge of Industrial Claims:
“I find that the claimant sustained a previous back injury in 1960, which aggravated an existing degenerative arthritic condition, the combination of the two resulting in an anatomical disability of 40% of the body as a whole. I find that the shoulder injury of March 27, 1967 merged with the claimant’s preexisting impairment, creating a permanent partial disability, based upon a loss of wage earning capacity materially and substantially greater than that which would have resulted from the injury of March 27, 1967 alone. I find that this pre-existing impairment was a hinderance to the claimant’s employment with Britt Harvesting Company and that Britt Harvesting Company was aware of the claimant’s prior back condition. I therefore find that the claimant has sustained a combined disability of 50% of the body as a whole, based upon a loss of wage earning capacity I find that the employer/carrier is responsible for the combined total and that apportionment is not indicated.”
The foregoing statement is inconsistent. The Judge of Industrial Claims acknowledges the presence of facts requiring apportionment but then finds apportionment “not indicated.”
In Stephens v. Winn-Dixie Stores, 201 So.2d 731, 741 (Fla. 1967) we held “the determination of the ‘excess compensation’ which the employer is required to pay must be made at the time the claim for compensation is adjudicated.” A proper ruling on apportionment is essential to petitioner’s right to proceed against the Special Disability Fund for reimbursement. Respondent’s right to compensation in the full amount of the disability, in this case 50% permanent partial, is not affected.
*486 The cause must be remanded to the Judge of Industrial Claims to determine what portion of respondent’s disability was attributable to his earlier accident as provided in Stephens v. Winn-Dixie, supra.
Accordingly, the decision of the Full Commission is reversed in part and affirmed in part and the cause remanded for further proceedings consistent herewith.
Petition for Attorney’s fees is granted in the amount of $350.00.
It is so ordered.
ERVIN, C. J., and THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.