240 So.2d 803 (1970)
CYPRESS GARDENS CITRUS PRODUCTS, INC. and Hardware Mutual Casualty Company, Petitioners,
v.
Lorenzo D. MURCHISON, Employee and the Florida Industrial Commission, an Administrative Agency, Respondents.
No. 38806.
Supreme Court of Florida.
October 28, 1970.
*804 Warren C. Rose of Rose & Marlow, Miami, for petitioners.
W.S. Crumbley of Hardee, Ott & Hamilton, Tampa, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
Gene T. Sellers, Tallahassee, for Special Disability Fund, respondent.
DREW, Justice:
This is a workmen's compensation case. Claimant, a sixty-four-year-old laborer, sustained compensable injuries when he was struck by a fork lift truck in the course of his employment on May 25, 1966. He had previously sustained a back injury with the same employer on September 11, 1964. The first injury, also to the back, was superimposed upon a degenerative disc disease.
The Judge of Industrial Claims found that the injury due to the latest accident merged with an osteoarthritic condition and the preexisting degenerative disc disease to create a greater disability than claimant would have had by the injury alone. Claimant was found to have reached maximum medical improvement on January 30, 1967, and to have suffered a 37% permanent partial physical disability, to which 12% was ascribed to the latest industrial accident and 25% to the arthritis and preexisting degenerative disc disease. Permanent total disability benefits were ordered paid to claimant.
We conclude that the Judge of Industrial Claims and Industrial Relations Commission have reached the proper result in this case as to claimant's compensation award, and that the writ of certiorari should be discharged. However, because misleading statements appear in the Judge's compensation order and because certain questions have been raised relating to portions of his order, we find it necessary to make some additional comments.
The Compensation Order of the Judge of Industrial Claims contains the following statements:
"Parenthetically, there was no disability from this preexisting condition manifesting itself at the time of this accident and hence apportionment is not proper.
* * * * * *
"The pre-existing osteoarthritis disc disease was silent and was not manifesting itself at the time of this latter accident and injury and hence apportionment does not lie."
The Judge in his order goes on to find that the second accident merged with the preexisting condition to result in a disability materially and substantially greater than that which would have resulted from the last injury alone, and that because of the merger the employer/carrier has a claim against the Special Disability Fund. The above-quoted finding of the Judge  that because the prior disability was not manifesting itself at the time of the accident, apportionment did not apply  is misleading and inapplicable to claimant's circumstances. As we stated in Evans v. Florida Industrial Commission[1] and reiterated in Robinette v. E.R. Jahna Industries, Inc.[2] apportionment *805 under Florida Statutes Section 440.02(19), F.S.A., is required when and to the extent a "pre-existing disease either, (1) was disabling at the time of the accident and continued to be so at the time the award is made or, (2) was producing no disability at the time of the accident but through its normal progress is doing so at the time permanent disability is determined and an award is made [Emphasis added.]."[3] That is, without bringing into play Section 440.49(4), when a prior condition merges with a compensable injury to produce at the time of maximum medical improvement a greater disability than the injury alone would have produced, an employee is not compensated for that portion of his permanent disability attributable to the prior condition. The disability stemming from the prior condition is apportioned or carved out of the benefits payable to the employee. Here the Judge of Industrial Claims expressly found no manifestation of the prior disease at the time of claimant's accident. But inasmuch as there was a manifestation of the prior disease at the time permanent disability was determined in the form of a greater disability than would have been produced by the injury alone, apportionment of claimant's benefits (except for operation of Section 440.49(4) would be proper, contrary to the Judge's two above-quoted statements.[3a]
On the other hand Section 440.49(4), Florida Statutes, F.S.A. is a part of the act which encourages rehabilitation and employment of previously injured employees and does, in this instance, preclude apportionment of claimant's benefits. An employer who hires an employee with a preexisting disease or condition and who is aware of the preexisting disability prior to any accident which may occur, is required to compensate a claimant for his entire disability, including that portion attributable to the preexisting condition. Even though there would otherwise be apportionment under Section 440.02(19) in either of the two circumstances discussed in the preceding paragraph, there is no apportionment or carving out of benefits due the employee, according to prior case law.[4] Section 440.49(4) in turn entitles the employer/carrier to apply for reimbursement for that portion of benefits paid attributable to the preexisting disease or condition.
The key to whether benefits attributable to a disease or condition existing prior to the industrial accident should be deducted or apportioned out of the award to claimant in this case, is whether the employer had knowledge of the preexisting condition or disease prior to the accident. Obviously the employer had such knowledge here, for the claimant's preexisting condition was brought to its attention at the time of claimant's first accident while in its employ.
The Judge's Compensation Order continues with the following statement:
"The employer/carrier has a claim against the Second Injury Fund [Special Disability Fund] due to this merger which has produced a substantially greater disability than would have been produced by the last accident and injury standing alone. Determination of the degree of disability attributable to the last accident and injury and the pre-existing permanent physical impairment cannot properly be made at this time as the Second Injury Fund was not a party to these proceedings, and the Commission at this time does not have jurisdiction to make such a determination."
Earlier in the order, the Judge of Industrial Claims merely recited medical testimony and evidence relating to the proportion of anatomical disability attributable to the preexisting condition and that portion *806 attributable to the industrial accident. He made no definite finding thereon, because apportionment was not applicable as far as the amount of compensation to be paid by the employer to claimant.
On its own motion, the Court has made the Special Disability Fund a party to this action and received a brief and heard oral arguments from the fund in the nature of an amicus curiae. In its brief, the fund has raised questions about the above-quoted statement concerning the Special Disability Fund in relation to certain statements appearing in past decisions of this Court.
Since 1959, the Workmen's Compensation Act has provided that the employer/carrier shall proceed to make its claim against the Special Disability Fund through a separate proceeding arising only after claimant's case is settled either administratively or pursuant to an order. Section 440.49(4) (g), Florida Statutes,[5] F.S.A., expressly provides that right to reimbursement from the Fund must be initiated within sixty days after conclusion of the proceedings on the merits between claimant and employer/carrier.
While perhaps the findings made in claimant's case on the merits may have considerable bearing or influence upon findings in the later and separate claim against the Special Disability Fund, Section 440.49(4) (g) expressly provides that "no findings of fact made with respect to the claim of the injured employee or his dependents for compensation shall be res judicata, * * *"[6] This prohibition is fully in accord with the statutory scheme of an independent claim for reimbursement, inasmuch as there is no requirement that the Special Disability Fund be made a party to the original claim against the employer/insurer, and indeed the Fund is not normally such a party and should not be bound by findings in a cause in which it is not a party.
Certain allusions and language used in some of this Court's opinions[7] may have given the impression that the Judge of Industrial Claims has a duty in the original claim to make certain findings and an allocation of the cause of disability to use in and govern claim proceedings for reimbursement from the Special Disability Fund. Such findings as whether there was a merger between the preexisting condition or disease and the industrial accident, the proportion of disability attributable to each cause, and whether the employer knew of the preexisting condition or not are findings which, if made by the Judge of Industrial Claims in the original claim proceeding, cannot bind in any manner whatsoever the findings and conclusions to be made in a separate proceeding against the Special Disability Fund. Any language in prior decisions which might have unfortunately implied to the contrary is hereby clarified. Although if members of the Legislature we might have written the law *807 differently in such a manner as to require the Fund to appear as a party in any case involving possible Fund liability, the law is not so structured and any comments from this bench implying otherwise are contrary to its clear intent.
The Judge of Industrial Claims and Industrial Relations Commission having reached a proper conclusion as to claimant's compensation award, subject to the views herein expressed the Order of the Commission is affirmed and the Petition for a Writ of Certiorari is denied.
It is so ordered.
ERVIN, C.J., CARLTON, J., RAWLS, District Court Judge, and MASON, Circuit Judge, concur.
BOYD, J., dissents.
NOTES
[1] 196 So.2d 748 (Fla. 1967).
[2] 208 So.2d 104 (Fla. 1968).
[3] Evans v. Florida Industrial Commission, 196 So.2d 748, 752-753 (Fla. 1967).
[3a] See Russell House Movers, Inc. v. Nolin, 210 So.2d 859, 864 (Fla. 1968).
[4] Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731 (Fla. 1967), Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962).
[5] "(g) Reimbursement of employer.  The right to reimbursement as provided in this subsection shall be barred unless notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement with the commission at Tallahassee within sixty days after the date copies of the order awarding the compensation with respect to which such reimbursement is claimed are mailed to the employer and carrier at the last known address of each, or, if payment of such compensation is made by the employer or carrier without an award, within sixty days after the date the first payment of compensation for the permanent disability was made. * * In such proceeding on a claim for reimbursement no findings of fact made with respect to the claim of the injured employee or his dependents for compensation shall be res judicata, and the special disability trust fund shall be made the party respondent. * * *" Fla. Stat. § 440.49(4) (g) (1969), F.S.A.
[6] Id.
[7] See, e.g., Hardware Mutual Ins. Co. v. Cardwell, 227 So.2d 484 (Fla. 1969); Genereux v. Caribbean Concessions, Inc., 211 So.2d 1 (Fla. 1968); Hermansen v. Webster Outdoor Advertising Co., 230 So.2d 145 (Fla. 1969), and Stephens v. Winn-Dixie Stores, 201 So.2d 731, 740 (Fla. 1967) (On Rehearing Granted).