ERVIN, Justice.
This cause is before us on petition and cross-petition for writ of certiorari to review an order of the Industrial Relations Commission which reversed in part and remanded an order of the Judge of Industrial Claims finding claimant permanently and totally disabled. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Claimant, a 51-year-old male, suffered a low back injury while lifting a water hose from a truck in the course and scope of his employment with the employer. The employer and carrier paid temporary total disability from the date of the accident until November 27, 1972, and accepted claimant as 25 per cent permanently partially disabled as of that date. In awarding claimant permanent total disability, the Judge found as follows:
“That the employee/claimant suffered from latent diabetes for a period in excess of 15 years, and that this condition was known to the employer who, through his foreman, had loaned to the employee the price of medication, a truck with which to purchase it, and had discussed with the employee the difference between taking insulin and taking oral medication for diabetes. That prior to this accident, the claimant had suffered from a prior back injury for which he was treated at the expense of the employer/carrier, which was known to the employer/carrier, and subsequent to which the employer permitted the employee to continue working without reduction in compensation but with a reduction in some of his more arduous duties.
“The undersigned Judge of Industrial Claims further finds that the claimant has been permanently and totally disabled as a result of the injury of May 14, 1971. In making this finding, the undersigned takes into account all of the medical reports in the Department’s file, the fact that the claimant is illiterate, has a history of only manual labor, is trained for no other employment, has unsuccessfully tested the job market insofar as obtaining part-time work with a landscaping firm, and was unable to perform these duties. The undersigned accepts as true the testimony of the claimant that he is physically unable to work and accepts as true the testimony of the rehabilitation nurse that the claimant is unemployable. The undersigned Judge of Industrial Claims observed claimant demonstrate his physical limitations and abilities in the hearing room, and from the observations, it is patent and apparent upon his face that this man is physically unable to do any but the most sedentary work, and from his testimony as to his job history and education, is totally untrained at this time for sedentary. work.
“The undersigned further finds that claimant’s permanent total disability results from a merger of the physical disabilities arising from the industrial accident of May 14, 1971, from the prior back injury sustained by the claimant while employed by the same employer, from the diabetes and from the subnormal educational and occupational level that the employee has sustained, all of which was manifested by lack of mental alertness, demonstrated by the claimant during the taking of testimony and an obvious physical impairment which the employee also demonstrated by walking *761 around the hearing room. Inasmuch as the employer had full notice of both the diabetes and the prior back condition, there can be no apportionment of the award.”
On review, the Commission reversed and remanded to the Judge for reconsideration of:
“The issues of permanent total disability absent the complex of elements erroneously held to have constituted merger, as well as the employer and carrier’s defense of apportionment. By this reversal of the Judge’s Order, the Commission does not hold as a matter of law that the claimant is not permanently and totally disabled based upon the evidence in the record on appeal.”
The employer and carrier raise for our review by cross-petition the same issues raised before the Commission: specifically (1) whether the findings of the Judge are supported by competent and substantial evidence, and whether the Judge erred (2) in awarding permanent total disability resulting from merger and denying apportionment, (3) in denying the employer and carrier’s request to take additional testimony, and (4) in awarding attorney’s fees of $8,000. Our careful consideration of the record and the arguments of counsel shows the Judge’s order is clearly sustained by competent and substantial evidence in accord with logic and reason and that the Commission erred in law and in fact in reversing and remanding for reconsideration of merger and apportionment.
The record contains medical evidence of two accidents, the second of which is the subject of this claim, sustained by claimant while employed by the same employer, in addition to claimant’s uncontradicted testimony thereto. Claimant also testified that because of his earlier accident he was relieved of some duties on the job, all of which combined with the employer and carrier’s admission to assuming claimant’s medical bills therefor, constitutes sufficient evidence of the employer’s prior knowledge thereof. The record also shows claimant’s uncontroverted testimony that his immediate supervisor on the job was well aware of claimant’s pre-exist-ing diabetic condition and even advanced claimant money and permitted his use of a truck on at least one occasion to go buy pills for his diabetes. In examining the record and weighing the testimony, we note especially that the employer and carrier called no witnesses, not even claimant’s supervisor, and presented no evidence of their own at the hearing to contradict claimant’s testimony or the medical evidence in the record. Moreover, the Judge observed claimant walk around the hearing chambers with a cane, demonstrating his injury. See Tropicana Pools, Inc. v. Truex (Fla.1973), 287 So.2d 71, and Harris v. Lenk (Fla.1969), 224 So.2d 283.
As to the issue of claimant’s employability, the rehabilitation nurse-coordinator, the only other witness at the hearing, testified that she was familiar with claimant’s case and that the Division of Vocational Rehabilitation was stymied because of the multiplicity of claimant’s problems, viz., his prior back injury, diabetes, hypertension, and illiteracy. She further testified that until claimant is retrained for another job within the limited range of his intellectual and physical capabilities, which retraining is impossible until claimant improves physically, he is totally disabled.
Thus we think the foregoing unrebutted testimony and evidence on claimant’s behalf effectively and clearly constitutes competent and substantial evidence to support the findings of the Judge of Industrial Claims. Pierce v. Piper Aircraft Corp. (Fla.1973), 279 So.2d 281; Meadows v. Curly’s Trash Service, Inc. (Fla.1971), 244 So.2d 417; Painter v. Board of Public Instruction of Dade County (Fla.1969), 223 So.2d 33, and U. S. Casualty Co. v. Maryland Casualty Co. (Fla.1951), 55 So.2d 741.
*762 Turning next to the merger of claimant’s disabilities, we find that the Commission erred in reversing and remanding to the Judge on this point. As the Commission recognized in its opinion and we freely acknowledge, “merger” is not statutorily defined and does not automatically arise upon the occurrence of successive injuries or disabilities having a combined disabling effect upon a claimant, as here. Davis v. Conger Life Insurance Co. (Fla.1967), 201 So.2d 727. However, reference to Justice Dekle’s comprehensive analysis of the nature of the term, “merger,” in Chaffee v. Miami Transfer Co., Inc. (Fla.1974), 288 So.2d 209, inevitably requires the foregoing conclusion. There, we held that if the claimant could show by competent and substantial evidence injury involving a portion of the body not within the scope of specifically scheduled disability, thus causing the resulting disability to be substantially and materially greater than would be the case if the second injury were considered alone, compensation benefits must be payable under Section 440.-15(3) (u), Florida Statutes, and must be based upon either loss of earning capacity or physical functional impairment, whichever is greater. In light of this rule the totality of claimant’s condition as a result of the prior and instant injuries, each unscheduled and compensable, renders him unemployable until such time as retraining may occur, if at all, and sustains the Judge’s finding as to claimant’s permanent and total disability resulting from merger. A change in claimant’s condition would warrant a timely petition for modification.
Additionally, we concur with the Judge on the basis of record that the employer and carrier had knowledge of claimant’s diabetes and back injury prior to the instant injury and are therefore precluded from apportionment by Section 440.49(4) (b), F.S. See Cypress Gardens Citrus Products, Inc. v. Murchison (Fla.1970), 240 So.2d 803.
Third, the Commission found the Judge did not err in denying the employer and carrier’s request to take additional testimony, and we agree. The record is devoid of any indication of surprise to either side concerning claimant’s prior employment as a night watchman, now alleged by the employer and carrier; the cause had been set and came on for final hearing, and Rule 3(1) of the Department clearly grants the Judge discretion in such matters, with no abuse thereof having been shown.
Fourth, the employer and carrier challenge the Judge’s award of $8,000 attorney’s fees as excessive and unsupported by sufficient evidence. The Commission did not effectively pass upon this issue, observing only that the elements established by Lee Engineering and Construction Co. v. Fellows (Fla.1965), 209 So.2d 454, must be satisfied. This was a glossing-over observation unaccompanied by specifics. We have consistently recognized that evidence of reasonable attorney’s fees may be submitted by affidavit. Lee Engineering, supra, and Florida Silica Sand Co. v. Parker (Fla.1960), 118 So.2d 2. The parties sub judice so stipulated, as the Judge’s order noted, and four affidavits as to fees were properly submitted varying in amounts both above and below the amount awarded by the Judge. It is our view that the affidavits and record together sustain the fees awarded by the Judge as reasonable under the circumstances of the case.
Accordingly, the decision of the Commission is hereby reversed and remanded with directions to reinstate the order of the Judge of Industrial Claims awarding claimant permanent and total disability and attorney’s fees consistent with this opinion.
It is so ordered.
ADKINS, C. J., BOYD and McCAIN, JJ., concur.
*763 DEKLE, J., dissents with opinion with which ROBERTS and OVERTON, JJ., concur.