379 So.2d 1026 (1980)
DADE COUNTY SCHOOL BOARD and Gallagher Bassett Insurance Service, Appellants,
v.
Doris B. WALKER, Appellee.
No. QQ-264.
District Court of Appeal of Florida, First District.
February 14, 1980.
Charles E. Kelly of Pyszka, Kessler & Adams, Miami, for appellants.
Eugene Williams of Williams & Tomlinson, Coral Gables, for appellee.
PER CURIAM.
The carrier in this worker's compensation case appeals the Judge of Industrial Claim's Order in its award of temporary total benefits and in its award of permanent partial disability benefits.
The appellee-claimant injured her back while working as a school teacher in March of 1977. The Judge awarded her temporary total disability benefits from that date until May 27, 1977, when she returned to work until school ended for the summer. He ordered further temporary total payments from June 16, 1977 to August 26, 1977, the period of the summer holiday during which appellee was unemployed. Appellee stated she was exhausted after the three weeks of desk work and felt unable to work during the summer term. We agree with the appellant that appellee's return to work in May, 1977, demonstrated a partial ability to work and that she did not show she was subsequently totally disabled during the period of summer school. See Teleprompter of Florida, Inc. v. Springer, IRC Order No. 2-3439 (1978).
The Judge also found that the appellee had sustained a 30% permanent partial *1027 anatomical disability, 20% of which was attributable to a preexisting back condition of which the employer was aware and 10% of which was attributable to the accident in March of 1977. The appellant argues the Judge erred in finding it responsible for benefits based on the 30% rating, rather than on the 10% disability allocable to the accident, solely because of the Judge's statement that it was responsible for the merged disability because "the employer had knowledge of [the claimant's] ... prior surgery and disability... ." We agree with the appellee that, although an employer's knowledge of a prior disability is no longer relevant to a determination that a claimant will be compensated for disability due to a prior injury and disability due to the injury at issue, that finding alone does not merit reversal of a case. See Section 21, Chapter 74-197, Laws of Florida and Media General Hospital v. Printing Pressmen and Assistants' Union, IRC Case No. 2-3468 (1978). Here, there was competent substantial evidence that appellee's prior condition was asymptomatic before the accident to the extent that it never affected her work, and there was no evidence that the prior disability manifested itself independently of the disability caused solely by the accident in 1977. Apportionment was thus not proper in this case. See Evans v. Florida Industrial Commission, 196 So.2d 748, 752-753 (Fla. 1967).
Finally, we agree that the order should be modified to the extent that it appears to order appellant to pay for the unclaimed bill of Dr. Burbacher for his September 26, 1978, examination of the appellee.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
ERVIN, SHIVERS and SHAW, JJ., concur.