OVERTON, Justice.
This cause is before us to review an order of the Industrial Relations Commission.[1] The case concerns the employer’s knowledge of a preexisting condition or disease and its relevance to a determination whether apportionment should apply. We disagree with statements contained in the Commission’s order concerning the applicability of a decision of this Court, but since there was employer knowledge in the instant case, the error does not affect the result, and we therefore affirm the Commission’s order.
In upholding the compensation order of the Judge of Industrial Claims, the Industrial Relations Commission stated:
When the issue of employer knowledge is raised with respect to the effect of successive accidents, the last of which occurs after the October 1,1974 effective date of amendments to § 440.49(4), (b), Fla.Stat., knowledge is in our opinion no longer necessarily an adequate distinguishing factor for determining whether or not apportionment will apply. .
The Commission considered Cypress Gardens Citrus Products, Inc. v. Murchison, 240 So.2d 803 (Fla.1970), but found that case inapplicable because of the revisions of the workmen’s compensation law. In our view, the statutory changes have not affected the applicability of the Cypress Gardens decision, and we reaffirm that holding. The following statement in that case governs the issue in this cause:
The key to whether benefits attributable to a disease or condition existing prior *687 to the industrial accident should be deducted or apportioned out of the award to claimant in this case, is whether the employer had knowledge of the preexisting condition or disease prior to the accident. Obviously the employer had such knowledge here, for the claimant’s preexisting condition was brought to its attention at the time of claimant’s first accident while in its employ.
240 So.2d at 805.
In the instant case, the Judge of Industrial Claims found that because of the claimant’s limp, the “employer was obviously aware of the fact that [the claimant] had a permanent physical impairment, even though the precise nature of the impairment may not have been obvious.” In our view this was a finding of employer knowledge in accordance with Cypress Gardens and consequently the result of the Industrial Relations Commission decision was correct. Their statement that Cypress Gardens was no longer applicable was error. For the reasons expressed, the petition for writ of certiorari is denied.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., concur.

. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.