ERVIN, Judge.
Claimant Thomas appeals a judge of industrial claim’s order finding him entitled to no greater benefits than those volunteered by the employer and carrier, and denying him attorney's fees and costs. The employer and carrier had voluntarily accepted Thomas as 5% permanently, partially disabled. We reverse and remand on the issues of payment of medical bills and attorney’s fees, and remand for clarification on the question, of merger.
Claimant, a truck driver, was twice com-pensably injured: Once, while employed by Tavilla Company, and second the subject of the present claim, while in the course of employment with T and T. Claim litigation with Tavilla was concluded with the entry of a final order approving the parties’ joint stipulation, which, among other things, provided that Thomas be paid a lump sum amount of $1750 for temporary and permanent disability.
We agree that the JIC erred in failing to make a finding on whether Thomas’s prior disability merged with the permanent partial disability received in the second accident “to cause a permanent partial disability that is greater than that which would have resulted from the subsequent injury . alone . . . .” Section 440.-15(5)(c). Aside from the prior adjudication of permanent partial disability and lump sum compensation, the medical evidence raised the issue of merger to the extent that the order is unclear without specific findings as to whether it applied. Dr. Gilbert saw Thomas on December 8, 1978 and found him 15% permanently, partially disabled, assigning 10% to the lower back sprain, 5% of which was due to the February accident and 5% to the August accident. Dr. Aron stated Thomas was 5% permanently partially disabled as a result of the August accident. When he learned Thomas *450 had previously injured his back and was rated 10% permanently partially disabled,[1] he stated he would find Thomas 15% permanently, partially disabled, adding the 5% attributable to the August accident to the existing 10% permanent partial disability. Other medical testimony was similar. Under the circumstances, we agree the JIC should make a specific finding as to whether a Section 440.15(5)(c) merger occurred, and, in the case of a positive finding, should apply the deduction of benefits provisions, unless it is found the resulting compensation is “less than that allowed for the degree of disability that would have resulted from the subsequent injury ... if the previous disability had not existed.” Id.
We also agree with Thomas that the judge erred in failing to rule specifically on whether the employer-carrier was responsible for Dr. Snyder’s medical bills. There was no record of his ever being deauthor-ized by the employer-carrier. Moreover, we agree that Thomas’s attorney secured payment of certain of Dr. Snyder’s bills through February 1, 1978, which the employer-carrier had resisted paying up until the date of the final hearing.
On remand, the deputy will make appropriate findings regarding whether merger occurred under Section 440.15(5)(c), and whether the carrier is responsible for Dr. Snyder’s medical bills, and will award Thomas a reasonable attorney’s fee based on benefits secured.
Reversed and remanded for proceedings consistent with this opinion.
MILLS, C. J., and SHIVERS, J., concur.

. Dr. Chariff, a chiropractic physician who treated claimant for his first compensable accident, assigned a 10% permanent partial disability to the body as a whole, 7'h% attributable to the back and 2lh% to the ankle.