McCORD, Judge.
Appellant, Special Disability Trust Fund of the State of Florida, appeals from a workers’ compensation ruling that the Special Disability Trust Fund is liable pursuant to § 440.49, Florida Statutes, for reimbursement to the employer/carrier, appellee, for a claimant’s injuries. The evidence is inadequate to establish that the employer had reached an informed conclusion prior to the occurrence of the subsequent injury that claimant’s pre-existing physical condition was permanent and was, or was likely to be, a hindrance or obstacle to employment, as required by § 440.49(4)(f)l for recovery under the Special Disability Trust Fund. Therefore, we reverse.
In September 1974, the claimant sustained injuries when he inhaled chlorine gas while on duty as a sergeant with the Hialeah Police Department. Upon his return to work, the police chief assigned him to indoor work at the jail instead of his usual outdoor work. The personnel supervisor at the police department, Miss Burgin, who had no authority to hire or fire claimant, testified that after the 1974 accident, she observed that the claimant had emotional problems. She testified that she had discussed his emotional problems with the police chief and that she felt the chief’s decision to assign claimant to indoor work was a direct result of the information she gave him regarding the claimant’s emotional problems. She was unaware of any medical reports recommending that claimant be given inside work, and she was unaware that the police chief had received any medical reports concerning the claimant’s condition.
In February 1975, the claimant inhaled smoke as a result of a mattress fire in the jail where he was working and sustained temporary physical injuries again. He returned to work for about five months but was placed on long-term disability leave in September 1975 because he could not tolerate his work. He had begun to see a psychiatrist after his first accident and was found to have a permanent psychological disability which became progressively worse after the second accident, according to testimony of his psychiatrist.
*1374 Appellant raises several points on appeal, asserting that the evidence does not support a finding that the facts of this case meet the criteria for employer/carrier to be reimbursed by the Special Disability Trust Fund pursuant to § 440.49, Florida Statutes. In one point, appellant contends that the employer did not have knowledge that, prior to the second injury, claimant was suffering from a permanent physical impairment which was likely to be a hindrance to his employment. We agree. The only evidence of employer knowledge of any impairment is Miss Burgin’s testimony that she had noticed the claimant’s emotional problem and had related her observances of claimant’s behavior to the police chief. According to Allen United Enterprises v. Special Disability Trust Fund, 288 So.2d 204 (Fla.1974), and § 440.40(4)(f)l, to receive reimbursement from the Special Disability Trust Fund for a subsequent injury to an employee, the employer must have had knowledge prior to the subsequent accident that the employee had a pre-existing “permanent physical impairment.” (Emphasis supplied.) See also Special Disability Trust Fund v. Drive-In Cameras, Inc., IRC Order 2-2841 (1975). Thus, even if Miss Burgin’s questionable awareness of the claimant’s psychiatric condition could be imputed to the employer in this case, there is no evidence that Miss Burgin or the employer were aware that the claimant’s emotional malfunctions constituted a permanent physical impairment. Consequently, the criteria for Reimbursement have not been adequately met under the circumstances of this case and employer/carrier is not entitled to reimbursement. Therefore, we reverse.
Appellant’s remaining points are rendered moot by this decision.
MILLS, C. J., and BOOTH, J., concur.