PER CURIAM.
Appellant-claimant appeals a worker’s compensation order awarding her 15% permanent physical impairment of the body as a whole. Appellant contends that the judge of industrial claims was in error in failing to make appropriate findings and render a decision on whether a merger of her com-pensable accident and her preexisting condition occurred so as to entitle her, under Section 440.15(5)(c), Florida Statutes (1977), to a greater disability rating. We find error and reverse.
The judge found that appellant, a research scientist, suffered a compensable accident on March 18, 1977 when she twisted her back during her employment. He also found that appellant had suffered a series of accidents or physical ailments over the past years. In 1952, while water skiing, she suffered a cracked oscaleis. In 1956 she was involved in an automobile collision, sustaining injury to her right knee and low back, a concussion and bruises. In 1961 a lumbar laminectomy was performed. She also suffers from osteoporosis, and was treated in 1976 for a problem in her left hip. The medical evidence, as summarized in the judge’s order, included the opinion of Dr. Mims who rated appellant as having a 35% permanent partial disability of the body as a whole, with 25% preexisting the accident of March 18, 1977, with 10% resulting from the compensable accident. Dr. Weissman was of the opinion that appellant was permanently and totally disabled due to osteoporosis with compression fractures, and multiple knee and disc problems. He was unable to give a separate percentage disability for any single physical problem. Dr. Kalbac could find no objective evidence of any disability attributable to the injury of March 18, 1977, while Dr. Holmes was of the opinion that she had not yet reached maximum medical improvement.
*345 The judge resolved the conflicts in the medical evidence by finding that the claimant reached maximum medical improvement on January 26, 1978; that she suffers a 15% residual physical impairment of the body as a whole resulting from the accident of March 18, 1977; and that the balance of her disability is not related to her accident of March 18,1977. Appellant contends, and we agree, that the evidence is susceptible to a finding that by reason of appellant’s preexisting condition, her compensable accident resulted in a disability which is greater than that which would have resulted from the compensable accident alone, so that a higher disability rating is mandated by Section 440.15(5)(c). See Thomas v. T & T Trucking, 382 So.2d 449 (Fla. 1st DCA 1980); Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla.1974); Cypress Gardens Citrus Products v. Murchison, 240 So.2d 803 (Fla.1970); and Media General Corporation v. Curry, 382 So.2d 686 (Fla.1980). In addition to the foregoing facts, the testimony of appellant and her employer demonstrates that the employer had knowledge of her preexisting condition pri- or to the accident. However, the order contains no finding with respect to the employer’s knowledge of the preexisting condition.
Here, as in Thomas, supra, we find it necessary to require the judge to make specific findings as to whether a merger occurred under the statute and authorities cited. We have noted and reject appellees’ contention that consideration of a merger and possible increased disability rating thereby is precluded because there was no claim for “merger”, no testimony regarding merger, and no findings of merger. It is clear that the testimony focused upon appellant’s preexisting condition and the effect of her subsequent compensable injury. We think appellees were on notice of the extent of the claim, including the possibilities of a finding of a merger.
Appellant’s second point on appeal challenges the finding limiting appellant’s wage earning capacity loss to only 15%. Appellant testified that she was unable to work because of mid-back pain, low back pain, rib pain, and a tingling and numbness in her hands and right thigh. She stated that the mid-back pain and rib pain began subsequent to the 1977 accident. She further related that she had returned to work for one day, but was unable to continue because of the pain. Dr. Weissman, as previously indicated, found her permanently and totally disabled. In view of our ruling concerning the absence of adequate findings and order relating to the merger issue, we conclude that a reconsideration of that issue on remand will necessarily require a reconsideration of appellant’s wage earning capacity loss. We therefore remand for reconsideration and findings with respect to appellant’s preexisting condition and whether a merger occurred, and for further consideration of her wage earning capacity loss.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr., LARRY G. SMITH and WENTWORTH, JJ., concur.