BOOTH, Judge.
This cause is before us on appeal from a workers’ compensation order finding that the claimant’s industrial injury of March 30, 1979, had merged with a preexisting medical condition, resulting in a permanent partial disability of 25 percent based on a loss of wage-earning capacity. The employer/carrier contends that the Deputy Commissioner erred in awarding disability benefits in excess of the six percent of the body as a whole accepted and paid by the employer/carrier, an award based on (1) a finding that merger had occurred, and (2) a denial of apportionment.
Claimant, Bennie Drake, a 44-year-old high school graduate, had worked for years as a tile setter, a job requiring heavy lifting and considerable physical agility. On March 30, 1979, Drake twisted his lower back while laying floor tile and felt a sharp pain. Subsequently, he was unable to stand for long periods, lift tile materials, or work longer than five hours a day although he had worked normal hours prior to the accident. The Deputy Commissioner accepted the testimony of Dr. DeWitt Stanford, an orthopedic surgeon, in finding that Drake’s preexisting degenerative disc disease and osteoarthritic changes in the lumbar spine had been aggravated and made symptomatic by the accident. The order further found, based on Dr. Stanford’s testimony, that Drake had sustained a 12 percent permanent partial disability due to his preexisting disability and a six percent permanent partial disability related to his industrial injury. The order found that the preexisting disability had merged with the injury to cause a permanent partial disability that was materially and substantially greater than that which would have resulted from the subject accident alone. Due to the restrictions on Drake’s physical activities, the Deputy concluded that he had sustained a permanent partial disability of 25 percent based on a loss of wage-earning capacity.
The employer/carrier, relying on Media General Corporation v. Curry, 382 So.2d 686 (Fla.1980), contends that the Deputy erred in finding merger in the absence of an express finding that the employer had knowledge of claimant’s preexisting disability. In Media General Corporation v. Curry, supra, however, the Supreme Court did not hold that employer knowledge is a prerequisite for merger but rather that lack of employer knowledge was a prerequisite for apportionment.[1]
*1198 Clearly, under Curry, proof of employer knowledge of the preexisting condition will bar apportionment pursuant to Florida Statutes, Section 440.02(18) (1978 Supp.). On the other hand, lack of employer knowledge in merger cases will preclude an employer/carrier’s reimbursement from the Special Disability Trust Fund, e.g., Special Disability Trust Fund v. City of Hialeah, 388 So.2d 1372 (Fla. 1st DCA 1980). This does not mean, however, that a claimant is precluded from receiving compensation resulting from the merger of the preexisting condition and the accident because the employer had no knowledge of the preexisting condition. Claimant’s receipt of compensation is not controlled by the availability of Fund reimbursement to the employer. Florida Statutes, Section 440.49(5)(a) (1978 Supp.).[2]
Here, the order found that, based on the medical testimony, Drake’s preexisting degenerative disc disease and the osteoar-thritic changes in his lumbar spine were aggravated and made symptomatic by the industrial accident, resulting in a greater disability than would have existed absent the accident. The Deputy properly ruled that merger had occurred.
The Deputy was also correct in his ruling that the 12 percent permanent partial disability attributable to Drake’s preexisting disease should not be apportioned out of the overall anatomical disability rating of 18 percent. Apportionment is a limited exception to the general maxim that the employer takes the employee as he finds him, Evans v. Florida Industrial Commission, 196 So.2d 748, 752 (Fla.1967), and is applicable only where the employer demonstrates (1) that a portion of the claimant’s disability results from the normal progress of a preexisting condition which would have existed even if the work-connected accident had not occurred, and (2) that the employer was unaware of the preexisting condition. See, Media General Corporation v. Curry, supra; Alpert, Florida Workmen’s Compensation Law, § 18-11 (3d Ed. 1978).
Here, Drake’s preexisting disability did not interfere with his ability to work normal hours prior to the accident. Dr. Stanford’s records indicate that Drake’s industrial accident “aggravated the preexisting condition in a symptomatic way,” preventing him from working longer than five hours a day and causing a permanent loss of wage-earning capacity. Under these circumstances, as in Dade County School Board v. Walker, 379 So.2d 1026 (Fla. 1st DCA 1980),[3] the Deputy properly declined to apportion out that part of claimant’s disability which was attributable to the preexisting condition.
The employer/carrier’s remaining points on appeal are without merit. Accordingly, the order below is AFFIRMED.
JOANOS, J., and PEARSON, TILLMAN (Retired), Associate Judge, concur.

. Media General Corporation v. Curry, 382 So.2d 686, 687 (Fla.1980), quoting Cypress Gardens Citrus Products, Inc. v. Murchison, 240 So.2d 803, 805 (Fla.1970):
*1198 The key to whether benefits attributable to a disease or condition existing prior to the industrial accident should be deducted or apportioned out of the award to claimant in this case, is whether the employer had knowledge of the preexisting condition or disease prior to the accident.

. Florida Statutes, Section 440.49(5)(a) (1978 Supp.):
... The entitlement of an injured employee or his dependents to compensation under this chapter shall be determined without regard to this subsection, the provisions of which shall be considered only in determining whether an employer or carrier who has paid compensation under this chapter is entitled to reimbursement from the Special Disability Trust Fund.

. Dade County School Board v. Walker, 379 So.2d 1026, 1027 (Fla. 1st DCA 1980):
Here, there was competent substantial evidence that appellee’s prior condition was asymptomatic before the accident to the extent that it never affected her work, and there was no evidence that the prior disability manifested itself independently of the disability caused solely by the accident in 1977. Apportionment was thus not proper in this case.
See also, Dade Federal Savings & Loan Association v. Smith, 403 So.2d 995, 999 (Fla. 1st DCA 1981).