THOMPSON, Judge.
The employer/carrier (E/C) appeal an order of the deputy commissioner (deputy) awarding claimant temporary total disability (TTD) benefits from the date of injury to the date of maximum medical improvement (MMI) for all periods when claimant was not employed, and awarding permanent total disability (PTD) benefits thereafter. The deputy also awarded costs and an attorney’s fee of $19,000.00. We reverse.
The E/C contend that the deputy erred in awarding TTD benefits, PTD benefits, attorney’s fees and costs, and argue that the deputy further erred in finding the claimant to be PTD since she failed to undergo rehabilitation and has not proven that it would be unsuccessful. Because we agree with the E/C’s first three contentions on appeal, the rehabilitation issue need not be addressed.
The claimant, Mrs. Elder, injured her back in three compensable accidents which occurred in 1976 and 1977. In 1978 she underwent a laminectomy and discectomy at levels L4 and L5. Following the surgery she continued to experience pain and became increasingly depressed. She attempted to return to work for the employer as a receptionist, but was fired after she missed many days of work. Claimant continued to receive treatment for her depression.
Jacqueline Smith, a vocational rehabilitation counselor, helped claimant secure a job through CETA in the food stamp office doing clerical work. Mrs. Elder worked there for six months until the funding for the position was terminated. Claimant then found two temporary jobs on her own. She worked at J.C. Penney during the 1981 Christmas season and then at H & R Block during the early 1982 tax season. Mrs. Elder then worked at a bookstore for one month, but quit because she had trouble working with her superior. During part of the spring and summer of 1982 she undertook some live-in babysitting jobs before moving to Tennessee in November 1982 for financial reasons. Since leaving Florida, Mrs. Elder has been unable to find a job.
Two of the psychiatrists who treated claimant determined that she reached MMI at differing dates. Dr. Kolin, who initially treated claimant, felt that she “reached a plateau of improvement” in December 1980. Dr. Dow, who treated claimant in 1982 and 1983, stated she reached MMI in August 1983. The deputy accepted the later date, and awarded Mrs. Elder TTD benefits “for all periods of time that she has not worked from the date of her accident to her date of maximum medical improvement.”
The E/C argue that an award of TTD benefits for this period is improper since claimant demonstrated an ability to work uninterruptedly, and there was no evidence that claimant was unable to work. Although the record contains a paucity of evidence as to the actual dates when Mrs. Elder was employed, it is clear that she was indeed employed in several jobs during the time for which TTD benefits were awarded. Mrs. Elder demonstrated a partial ability to work, making the award of TTD benefits improper, even though the deputy specified that no benefits were due for those periods when she was actually *206 employed. Dade County School Board v. Walker, 379 So.2d 1026 (Fla. 1st DCA 1980).
The medical reports, however, do indicate that claimant was TTD for a portion of the time following her injury. A March 1981 letter from Dr. Kolin stated that she was “able to return to a work situation,” but a later letter from Dr. Dow dated October 1982 states that claimant was “severely depressed” and “incapable of being gainfully employed.” The award of TTD benefits, therefore, is reversed and remanded so that the conflicting medical testimony can be resolved, the times of claimant’s incapacity and employment determined, and the TTD award modified so that it does not encompass the times when claimant was able to work.
The deputy’s award of PTD benefits was also improper. Although a claimant does not have to be utterly incapacitated for an award of PTD benefits to be proper, the purpose of such benefits is to compensate for a loss of earning capacity, not for a mere loss of earnings. Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla.1960). In Mrs. Elder’s case it is clear that her physical and emotional impairments do not preclude her from all gainful employment. Harris Intertype v. Anderson, IRC Order 2-3068 (Nov. 18, 1976). She has been able to secure and satisfactorily perform at least three jobs and the fact that she has been unable to secure a job in the locale where she now resides does not demonstrate a loss of earning capacity. There is no medical testimony that Mrs. Elder is unable to work. On the contrary, Dr. Dow, the psychiatrist who treated Mrs. Elder most recently, stated that it would be “beneficial” for her to work. There is no evidence to support the deputy’s finding that “claimant is unable to perform even sedentary work on a regular, uninterrupted basis and is permanently and totally disabled.” See Hillsborough Community College v. Miller, 440 So.2d 26 (Fla. 1st DCA 1983). Accordingly, the award of PTD benefits is reversed.
In their final point on appeal, the appellants urge that the $19,000.00 attorney’s fee awarded is excessive. The parties stipulated that such an amount was reasonable “based upon the award of permanent total disability” but they also stipulated that if the order was modified or reversed on appeal, the stipulation would not prejudice the E/C’s right to argue that the fee was excessive. Because the award of PTD benefits is reversed, the award of attorney’s fees is also reversed and remanded for reconsideration in light of the modification of the award of benefits.
REVERSED and REMANDED.
ERVIN, C.J., and BOOTH, J., concur. '